## HERNANDEZ v. ROBLEDO.
### No. 14303.

Court of Civil Appeals of Texas. Dallas.
Jan. 26, 1951.

J. A. Lantz and W. E. George, both of Dallas, for appellant.

Leland M. Johnson and Jack C. Burroughs, both of Dallas, for appellee.

BOND, Chief Justice.

This suit was instituted by appellee against appellant in form of trespass to try title to a certain designated lot in the

City of Dallas; and for damages incident to ejectment of appellee to the extent of *"four inches* running from the *N. E. corner* of the property line toward the *S. W. end* of the property line for approximately *80.8 feet,"* by erecting thereon a brick building, and unlawfully withholding possession thereof to appellee's damages in the sum of $1,000, the reasonable rental value of said land and premises. The parties will be here designated as in the court below.

On trial to the court without the aid of a jury judgment was entered in favor of the plaintiff for the title and possession of the lot in suit; and for damages to plaintiff's property in the sum of $1,000 for "digging of the foundation and erection of the building upon said property for a distance of *1 ft. 6 inches* and continuing along the edge of said lot for a distance of *80.8 inches";* and directed that writ of restitution issue and plaintiff be placed in full possession of the whole of the lot in suit.

█ It will readily be seen that there is a decided variance and irreconcilable conflict between plaintiff's pleadings and the judgment as to the location and extent of the building erected on the property claimed by the plaintiff for which the $1,000 was sought and judgment entered against the defendant, and the record evidence makes the discrepancy more complex. We have italicized the relative variances in the pleadings and judgment.

Furthermore, the damages alleged by the plaintiff to have resulted from withholding possession of the strip along the boundary of the lot in question, and the reasonable value of the rents from such alleged strip, find no support in evidence. Plaintiff's testimony is that her damages resulted when the defendant, during the months of March, April and May of 1948, moved a lot of digging equipment onto plaintiff's property; brought a bunch of men and dug a big hole in her lot, ruined her flowers, dug up a large tree, and allowed cement to run over on her grass and ruin it; also that he put a concrete and brick wall on her property so close to her house as to deprive her of air, breeze, and light; resulting in damage to her property in the sum of $1,000. There is no testimony as to the reasonable rental value of the strip of land claimed by the plaintiff in her pleadings, and there is no pleading to warrant the judgment for the specific items as above related. Then, too, the witness John R. West, a competent and licensed surveyor, testified that he was called upon to survey a lot 75 ft. by 100 ft. belonging to the plaintiff and that he found the brick wall extended over on plaintiff's lot for *"about 1½ ft. beginning at a point 17.6 inches from the southeast corner and running back in an easterly direction for 80.8 inches."* (Emphasis ours.) Appellee's lot which Mr. West surveyed, and as shown by drawings or map which Mr. West identified as one he had made, is rectangular with boundary lines course extending 45 degrees from north and south, east and west corners. There are no intermediate corners northeast, northwest, southeast, southwest. It will be seen that the surveyor's testimony is at variance with plaintiff's pleadings and the judgment of the trial court.

In view of the variances in pleadings, evidence and judgment, we are of the opinion the judgment is fatally defective as to the boundary location of the brick wall which the plaintiff claims to have been erected on her property, as would support a writ of restitution or damages incident thereto. While the suit is one in form of trespass to try title to plaintiff's 75 ft. by 100 ft. lot, there is no controversy as to plaintiff's title and possession thereof. The cause turns to one of a boundary suit in which the defendant has erected a brick wall to a building erected on the adjoining lot. The judgment settled nothing, leaving the parties exactly where they were before the suit was filed.

██ "In a boundary case the verdict and judgment should definitely fix and establish the location of the line in dispute, and ordinarily should do so with reference to some known object concerning the identity and locality of which there is no con-

troversy. The test of sufficiency is as to whether the judgment so identifies the land that an officer charged with the duty of executing a writ of possession could go upon the ground and without exercising judicial functions ascertain the locality of the line; that is, whether the officer could with the assistance of a competent surveyor find the line by the matter set out in the judgment. If the judgment does not accomplish that result it is of no avail and will be set aside upon appeal. In fact it would be void and would not sustain a plea of res adjudicata * * *." 7 Tex.Jur. 257, § 94. In the case of Provident National Bank v. Webb, 60 Tex.Civ.App. 321, 128 S.W. 426, 428, the court says: "In a boundary suit brought in form of trespass to try title, where there is a general verdict for the plaintiff, if the plaintiff has not in his petition described the boundary so that it can be identified by objects found on the ground, a judgment following the verdict is void, for the reason that it cannot be executed without the officer attempting to execute the same assuming judicial functions and determining the location of such boundary; and such a judgment would not sustain a plea of res adjudicata in a subsequent suit between the same parties * * *."

We are of the opinion that it is a settled proposition that in trespass to try title wherein the only controversy concerns the location on the ground of the boundary line between the plaintiff's land and the adjoining land of another, it is necessary to describe the disputed boundary line by reference to objects concerning which there can be no controversy, and the judgment of the court must evidence the findings with reference to such objects in order to warrant a writ of restitution or judgment in reference thereto. While, in the case here, the proof is that the plaintiff owned the title and possession of a lot of certain number and delineation, "according to the map" of the Erwin Addition to the City of Dallas, the map was not offered in evidence and there are no natural or artificial objects on the ground as to enable the sheriff, with a competent surveyor, to locate the line over which the alleged brick wall extended onto plaintiff's property.

For the reasons above related, the judgment of the court below is reversed and cause remanded.