Tereso ROCHA, Appellant,

v.

Policarpio CAMPOS, Appellee.

No. 1345.

Court of Civil Appeals of Texas, Corpus Christi.

Nov. 9, 1978.

David Hashmall, Hereford, for appellant.
A. C. Garcia, Pharr, for appellee.

## OPINION

NYE, Chief Justice.

This case involves a dispute over a strip of land between adjacent landowners. It was pled and tried in the court below as an action in the nature of a trespass to try title suit. Defendant answered with a not guilty plea and specifically pled the 10-year statute of limitations. Trial was to the court without the intervention of a jury. Judgment was entered in favor of the plaintiff granting title to and possession of the strip of land in question. The defendant appeals from this adverse judgment.

Plaintiff Policarpio Campos sued Tereso Rocha seeking to recover a strip of land located on the west side of his property which was in the possession of the defendant. Plaintiff's original petition alleged, in essence, that: 1) plaintiff is the owner in fee simple of Lots 25, 26, 27 and 28 of Block 6, Colonial Plaza Subdivision in Donna, Hidalgo County, Texas; 2) that defendant is the sole owner of the tract of land (Lots 23 and 24) west of and adjacent to plaintiff's land; 3) that a dispute concerning the true location of the boundary line existed between plaintiff and defendant; 4) that plaintiff believed the correct boundary line to be as specified by a survey attached to the petition; and 5) that the land in dispute is out of plaintiff's possession and had been in the possession of the defendant since February 3, 1944. In accordance with these allegations, plaintiff prayed for the delivery of possession of the strip of land and for determination by the trial court of the true location of the boundary line.

The evidence shows that Lot 24 (defendant's lot) and Lot 25 (claimed by plaintiff) share a common previously recognized boundary marked by a hurricane fence. The evidence showed that the plaintiff's father erected the fence sometime prior to 1943. The disputed property concerns a diagonal strip of land west of the fence ranging from six feet in width on the south to 7.4 feet in width between on the north. The defendant is in possession of this particular strip of land. Plaintiff testified that his father gave him a deed to Lots 25 through 28 in 1969. In 1973, plaintiff asked one Tom Stovall to survey the property. The survey indicated that the fence did not form the true boundary line between plaintiff and defendant's lots.

■ Findings of fact and conclusions of law were neither requested nor filed. The defendant did bring forward a statement of facts. Therefore, it must be presumed, if possible, that the trial judge found facts necessary to sustain the judgment, provided such facts were raised by the pleadings and have support in the evidence. *Bishop v. Bishop,* 359 S.W.2d 869 (Tex.Sup.1962); *Texas Const. Associates, Inc. v. Balli,* 558 S.W.2d 513 (Tex.Civ.App.—Corpus Christi 1977, no writ); *Oxford Development Co. v. Eppes,* 422 S.W.2d 583 (Tex.Civ.App.—Corpus Christi 1967, no writ). In considering the sufficiency of the evidence in support of the presumed findings, we must construe the evidence in the light most favorable to the judgment and disregard all evidence and inferences to the contrary. *Texas Const. Associates, Inc. v. Balli,* 558 S.W.2d 513 (Tex.Civ.App.—Corpus Christi 1977, no writ).

■ The plaintiff did not file a brief nor did he appear for oral argument. Rule 419, Texas Rules of Civil Procedure, vests this Court with considerable discretion in accepting unchallenged statements made by the appellant as to the facts and the record. See *Pyronauts, Inc. v. Associated Fire Extinguisher Co.,* 549 S.W.2d 460 (Tex.Civ. App.—Fort Worth 1977, no writ); *In Re Salinas,* 530 S.W.2d 633 (Tex.Civ.App.—Corpus Christi 1975, no writ); *Greene v. An-*ders, 473 S.W.2d 622 (Tex.Civ.App.—Waco 1971, writ ref'd n. r. e.); *Whatley v. Whatley,* 493 S.W.2d 299 (Tex.Civ.App.—Dallas 1973, no writ). Here, the defendant brings forward points of error concerning the legal and factual sufficiency of the evidence as well as questions of law.

In point of error five, the defendant contends that the trial court erred in awarding judgment for plaintiff because the record is devoid of any evidence that plaintiff has title to the disputed property. Our threshold problem under this point of error is to determine the scope of plaintiff's burden of proof.

■ Although plaintiff's pleadings were general, the allegations of the petition follow the form and the manner required by the Texas Rules of Civil Procedure in stating a cause of action for trespass to try title. See Rule 783, Texas Rules of Civil Procedure. In general, the action of trespass to try title suit is in its nature a suit to recover the possession of land unlawfully withheld from the owner and to which he has the right of immediate possession. *Hays v. Texas & Pac. Ry. Co.,* 62 Tex. 397 (1884); 2 Tex.Jur.2d, Trespass to Try Title, §§ 2, 6 (1964). In trespass to try title cases, the plaintiff must recover upon the strength of his own title and not the weakness of the defendant's title. *Hejl v. Wirth,* 161 Tex. 609, 343 S.W.2d 226 (1961); *Kauffman v. Shellworth,* 64 Tex. 179 (1885).

■ The action of trespass to try title embraces all character of litigation that affects the title to real estate. Disputes as to boundaries may also be determined in trespass to try title suits. See: *Stanolind Oil & Gas Co. v. State,* 136 Tex. 5, 133 S.W.2d 767, 770 (1939) and authorities cited therein. There is a distinction between trespass to try title cases and suits in the nature of trespass to try title in which the only issue in dispute is that of a proper boundary. In the latter case, it is unnecessary for the plaintiff to prove his superior title in the same manner as he would be required to do in ordinary actions of trespass to try title, (i. e., a superior title or title from the sover-

eignty of the soil or from a common source). *Brown v. Eubank*, 378 S.W.2d 707, 711 (Tex. Civ.App.—Tyler 1964, writ ref'd n. r. e.); *Lee v. Grupe*, 223 S.W.2d 548 (Tex.Civ.App. —Texarkana 1949, no writ); *Harris v. Kiber*, 178 S.W. 673 (Tex.Civ.App.—Galveston 1915, dism'd w. o. j.); *Wardlow v. Harmon*, 45 S.W. 828 (Tex.Civ.App.1898, no writ).

■ The only evidence plaintiff offered to prove that he was the fee owner of the disputed land was his own testimony that the land had been given to him by his father. The plaintiff identified a deed which he testified his father had delivered to him. However, the deed was not entered or read into evidence. An interest in real property, as a general rule, can only be established by a valid written instrument and not by parol evidence. *City of Mission v. Popplewell*, 156 Tex. 269, 294 S.W.2d 712, 717 (1956); *F L R Corp. v. Blodgett*, 541 S.W.2d 209, 213 (Tex.Civ.App.—El Paso 1976, writ ref'd n. r. e.); *Southwest Bank & Trust Co. v. Executive Sportsman Assoc.*, 477 S.W.2d 920, 924 (Tex.Civ.App.—Dallas 1972, writ ref'd n. r. e.); *Southern Pine Lumber Co. v. Hart*, 329 S.W.2d 511, 515 (Tex.Civ.App.—Fort Worth 1959), reversed on other grounds, 161 Tex. 357, 340 S.W.2d 775 (1960). A person who does not have ownership rights cannot prevail in a boundary line dispute with the true owner of the adjoining property. *Farrow v. Sims*, 311 S.W.2d 473, 478 (Tex.Civ.App.—Dallas 1957, writ ref'd n. r. e.); *Rubiolo v. Lytle*, 370 S.W.2d 202 (Tex.Civ.App.—San Antonio 1963, writ ref'd n. r. e.); Cf. *Kishi v. Humble Oil & Refining Co.*, 298 F. 218 (5th Cir. 1924), cert. dism'd, 268 U.S. 708, 45 S.Ct. 514, 69 L.Ed. 1169 (1925). In such a case, a trespass to try title action must be brought by one who claims a present legal right to possession of the disputed land together with such title in him as would render possession by the defendant unlawful. See: *City of Mission v. Popplewell*, 156 Tex. 269, 294 S.W.2d 712 (1956); *Hays v. Texas & Pac. Ry. Co.*, 62 Tex. 397 (1884); *Hooper v. Hall*, 30 Tex. 154 (1867); *Birmingham v. Griffin*, 42 Tex. 147 (1875). The plaintiff in this instance failed to introduce any competent evidence of his interest in the land he claimed to support the trial court's judgment awarding him title and possession to the land in question.

This brings us to defendant's contentions that the trial court erred in entering judgment in favor of the plaintiff because defendant established his title to the disputed strip of land in question through adverse possession and that there was no evidence to the contrary. We agree.

■ In response to plaintiff's suit, defendant Rocha specially pled title based on the ten year statute of limitations. Tex. Rev.Civ.Stat.Ann. art 5510 (1958). Rocha had the burden to prove the statutory requirements by a preponderance of the evidence in order to prevail on his adverse possession claim. *Orsborn v. Deep Rock Oil Corp.*, 153 Tex. 281, 267 S.W.2d 781, 787 (1954); *Holstein v. Adams*, 72 Tex. 485, 10 S.W. 560 (1889); *Champion Paper & Fibre Company v. Wooding*, 321 S.W.2d 127 (Tex. Civ.App.—Waco 1959, writ ref'd n. r. e.). Under the ten year statute, it is incumbent upon a claimant to show affirmatively: 1) possession of the land; 2) cultivation, use, or enjoyment thereof; 3) an adverse or hostile claim; 4) an inclusive dominion over the property and appropriation of it for his own use and benefit; and 5) for the statutory period. Tex.Rev.Civ.Stat.Ann. art. 5510 (1958); see 2 Tex.Jur.2d, Adverse Possession, § 222 p. 367–68 (1959), and authorities cited therein.

Plaintiff Campos admitted in his pleadings that defendant Rocha had been in possession of the disputed strip of land since 1944. The defendant testified that he moved onto Lot 23 in 1943; that he purchased Lot 24 in 1956 and that in 1961 he built his home which was centered on both lots. He further testified that the fence in question was located where it is now at the time he purchased Lot 23 in 1944, and that at the time he purchased Lot 24, his grantor identified stakes which were located on the fence line in question as being the boundary line separating his Lot 24 from plaintiff's Lot 25. From the time he entered Lot 24, the defendant openly used all of the proper-

ty up to the fence line by planting trees, flowers and grass and by using a substantial part of the area for a driveway.

The plaintiff testified that he had grown up on the property he claimed (Lots 25–28) and had lived there to the present time except for a short duration when he moved to California in 1954. He admitted on cross-examination that the fence was in its present location at the time he moved to California in 1954. He also testified that when he acquired the property from his father in 1969, he was aware of defendant's use of the property near the fence.

Article 5515 defines adverse possession as "an actual and visible appropriation of the land, commenced and continued under a claim of right inconsistent with and hostile to the claim of another." "Claim of right" within the meaning of this statute means that the entry of the claimant must be with the intent to claim the land as his own, to hold it for himself and such must continue to be the nature of his possession. *Orsborn v. Deep Rock Oil Corp.*, 153 Tex. 281, 267 S.W.2d 781, 787 (1954); *Houston Oil Co. v. Jones*, 109 Tex. 89, 198 S.W. 290 (1917). Claim of right must be manifested by declaration or by open or visible act. If there is no verbal assertion of claim to the land brought to the knowledge of the landowner, the adverse possession must be so open and notorious and manifested by such open or visible act or acts that knowledge on the part of the landowner will be presumed. *Orsborn v. Deep Rock Oil Corp.*, 153 Tex. 281, 267 S.W.2d 781 (1954).

Here, the defendant entered Lot 24 with the intent to claim the entire lot as his own up to the fence line. This intent continued until the present suit was filed. His intention to own or hold the disputed land for himself was manifested by his open and visible acts which showed such a purpose. In this case, not only was defendant's possession under the claim of right, visible and notorious, but also plaintiff's testimony indicates that he was aware of such adverse use of the land in question by the defendant.

The evidence clearly demonstrates that defendant made out a prima facie case of his title to the land in question under the ten year statute. At that point, the burden of persuasion shifted to plaintiff to show that defendant's holding was in subordination to his claim. *Clayton v. Humble Oil & Refining Co.*, 291 S.W. 597 (Tex.Civ.App.—Beaumont 1927, writ dism'd w. o. j.). This the plaintiff failed to do.

We conclude that the trial court erred in entering judgment awarding title to and possession of the disputed land in question to the plaintiff. Accordingly, the judgment of the trial court is reversed and judgment is here rendered awarding title to and possession of the strip of land in question to defendant Rocha. Such strip is identified by the survey which is a part of the record.

REVERSED AND RENDERED.