**James E. BROWNLEE, Appellant,**

v.

**Iva Mae SEXTON, Appellee.**

**No. 05–84–01061–CV.**

Court of Appeals of Texas, Dallas.

Jan. 8, 1986.

Rehearing Denied Feb. 12, 1986.

W. Lawrence Evans, Denison, for appellant.

Michael Wynne, Nall, Stagner & Pelley, Sherman, for appellee.

Before GUITTARD, C.J., and AKIN and ALLEN [1], JJ.

GUITTARD, Chief Justice.

Iva Mae Sexton sued James E. Brownlee in trespass to try title alleging that Brownlee, her neighbor to the south, is in wrongful possession of a portion of her property. The controlling issue at trial was whether Shannon Creek, the boundary between the parties' properties, had changed its course to a more southerly location, leaving a portion of the land now claimed by Brownlee on the north side of the creek. The trial court rendered judgment for Sexton on the jury finding that Shannon Creek has always been in its present location.

On this appeal Brownlee contends: (1) that Sexton failed to prove title to the property in dispute, (2) that the evidence does not support the jury finding that Shannon Creek has always been in its

---

1. Justice Allen retired on December 18, 1985.

present location, (3) that the trial court failed to join the mineral interest owners as indispensable parties, (4) that the award of attorney's fees was improper, and (5) that the judgment is deficient because it does not adequately describe the disputed property. We find no merit in any of these contentions except to the extent of an erroneous recital in the judgment, which we correct by reforming the judgment. We affirm the judgment as reformed.

### 1. *Proof of Title*

Brownlee contends that Sexton failed to prove title to the property in dispute. We disagree.

Sexton's petition alleges that she is the fee simple owner of a 41.7-acre tract in Grayson County described in an exhibit attached. This exhibit describes by metes and bounds an 83.4-acre tract out of the H. Wynn Survey in Grayson County. Sexton also alleges that Brownlee is an adjacent landowner, that Shannon Creek is the boundary between their properties, and that her tract is located north and Brownlee's tract south of the creek.

At trial Sexton introduced a deed from W.A. Darter conveying to her and her husband two adjacent tracts of land, one consisting of 83.4 acres in the H. Wynn Survey. The metes and bounds describing the 83.4-acre tract correspond closely to those in the exhibit attached to Sexton's pleadings. Sexton testified that she and her husband had partitioned this property in 1981 and that she had received the western half. She also introduced a plat, certified by a registered surveyor, showing a line running approximately north and south across the 83.4-acre tract, dividing it into two apparently equal parts.

Brownlee contends that Sexton did not prove her title as required for recovery in a trespass-to-try-title action. Sexton replies that she has met her burden because this suit is a boundary suit, though in the form of trespass to try title, and, consequently, that the stringent requirements of proof usually applicable in title actions do not apply.

Boundary disputes may be tried by a statutory action of trespass to try title. *Plumb v. Stuessy*, 617 S.W.2d 667, 669 (Tex.1981). An action is one for boundary if there would have been no case but for the question of boundary, even though questions of title might be involved. *Id.*

The record shows clearly that this case was tried as a boundary suit. The petition alleges a boundary dispute in addition to the stereotyped trespass-to-try-title allegations. The deeds under which both parties claim title establish that Shannon Creek is the boundary between their properties. Although Brownlee entered a formal "not guilty" plea, his theory of the case was that Shannon Creek had flowed north of its present location when his and Sexton's tracts were divided and that, consequently, this "old" location of the creek was the proper boundary, entitling him to possession of all the property lying between the creek's present location and its "old" location to the north. Substantially all the testimony developed by both parties revolved around whether Shannon Creek had ever flowed north of its present location. We conclude that the controlling issue in this suit is whether the present location of Shannon Creek is the proper boundary and that there would have been no dispute between the parties but for this question of boundary. Consequently, we hold that this is a boundary suit.

Brownlee argues that the suit involves more than a question of boundary because he also claimed title to the disputed section of land by adverse possession. We disagree. An action is still a boundary suit even though one party claims by adverse possession the title to the disputed property between the two alleged boundary locations. *See Plumb*, 617 S.W.2d at 669; *Rocha v. Campos*, 574 S.W.2d 233, 236 (Tex.Civ.App.—Corpus Christi 1978, no writ).

In a boundary suit, it is unnecessary for the plaintiff to prove his superior title in the same manner as he would be required to do in ordinary actions of trespass

to try title. *Plumb,* 617 S.W.2d at 669; *Rocha,* 574 S.W.2d at 235; *Brown v. Eubank,* 378 S.W.2d 707, 711 (Tex.Civ.App.— Tyler 1964, writ ref'd n.r.e.). The plaintiff must present some competent evidence of his interest in the disputed property. *See Rocha,* 574 S.W.2d at 236. Placing into evidence a recorded deed showing a plaintiff's interest in the disputed property has been held sufficient to establish a present legal right to possession in a boundary case. *See Plumb,* 617 S.W.2d at 669; *Lee v. Grupe,* 223 S.W.2d 548, 550–51 (Tex.Civ. App.—Texarkana 1949, no writ); *cf. Rocha,* 574 S.W.2d at 236.

■ The Darter deed established that Sexton was a tenant-in-common to an 83.4-acre tract in the H. Wynn Survey. An owner of an undivided interest in land may bring a trespass-to-try-title action without joining the other part owners. *Dahlberg v. Holden,* 150 Tex. 179, 238 S.W.2d 699, 702– 03 (1951); *Standard Oil Co. of Texas v. Marshall,* 265 F.2d 46, 50 (5th Cir.1959). The property description in the Darter deed established that Shannon Creek was the southern boundary of the 83.4-acre tract. Consequently, it also established that the disputed property, i.e., the land north of Shannon Creek claimed by Brownlee, lay within the 83.4-acre tract. Thus, by introducing the Darter deed, Sexton established her legal right to possession of the disputed property, if the present location of Shannon Creek was found to be the proper boundary.

■ Sexton need not have presented more evidence of ownership to avoid an instructed verdict because when she had made this showing of title in herself she had no burden to prove that she had not parted with that title. *Dahlberg,* 238 S.W.2d at 703. Sexton's additional testimony that the 83.4-acre tract had been partitioned and that she had received the westerly 41.7 acres did not defeat this presumption of continued ownership because the disputed property was shown to lie well within this western half. This evidence of partition was only proof of Sexton's ownership of a 41.7-acre tract as alleged in her petition rather than her co-ownership of a 83.4-acre tract as established by the Darter deed. Consequently, we hold that the Darter deed, considered with the testimony that Sexton received the westerly 41.7 acres of the 83.4-acre tract upon partition and with the survey plat showing the location of that property in the H. Wynn Survey, is sufficient to establish Sexton's present legal right to possession to the disputed property so as to avoid an instructed verdict.

Brownlee also argues that Sexton failed to prove title adequately because she alleged that she owned a 41.7-acre tract in the H. Wynn Survey but introduced into evidence a survey plat showing that she owned a 61.416-acre tract, part of which was located in an adjacent survey. We find no error in this respect. Sexton's proof, as noted above, established her legal right to possession of the disputed property so as to avoid an instructed verdict. We hold that this proof is sufficient even though the survey plat indicated that she held title to additional property in an adjacent survey.

■ Brownlee argues that the trial court could not properly render judgment without consideration of the partition deed between Sexton and her husband and insists that the trial court abused its discretion in allowing Sexton to reopen her case to admit this deed. We disagree.

After Sexton had closed her case, the trial court, in its discretion under rule 270 of the Texas Rules of Civil Procedure, allowed her to reopen her case to introduce the partition deed establishing her ownership in the westerly 41.7-acre tract in the H. Wynn Survey. Under rule 270, the court may allow additional evidence "at any time" if "necessary to the due administration of justice." We hold that the court's action was a proper use of discretion under that rule. We also hold that, in light of this additional evidence, the trial court properly denied Brownlee's motion for judgment notwithstanding verdict and motion for new trial.

### 2. Evidence concerning the location of Shannon Creek

Brownlee contends that the evidence is insufficient to support the jury finding that Shannon Creek has always been in its present location. We disagree.

The jury answered "yes" to the following special issue:

Has the channel of Shannon Creek always been located in its present location identified on Defendant's Exhibit No. 1 by the letters from A to C, since the patent to Harmon Wynn in 1851?

The party asserting that the channel of a water course recognized as the boundary line is not in fact the true boundary because of a sudden shifting of the channel assumes the burden of proving that fact. *Plummer v. Marshall,* 59 Tex.Civ.App. 650, 126 S.W. 1162, 1163 (1910, writ ref'd); *See Sharp v. Womack,* 127 Tex. 357, 93 S.W.2d 712, 715 (1936); *Shapleigh v. United Farms Co.,* 100 F.2d 287, 288 (5th Cir. 1938). To rebut this presumption that Shannon Creek's present location is the proper boundary, Brownlee presented the testimony of two surveyors, one retained by Brownlee and the other appointed by the court. They testified that, in their opinions, Shannon Creek had once flowed north of its present location because a call in Brownlee's deed showed that the intent of the deed was to follow the "old" creek bed as the boundary and because Sexton will gain approximately fourteen acres more than the area recited in the Darter deed if the present creek location were established as the proper boundary.

Sexton presented several witnesses who established that the creek had been in its present location as long ago as 1946. Sexton's surveyor testified that, in his opinion, Shannon Creek has never run north of its present location. Her surveyor also testified, and the court-appointed surveyor agreed, that area would be the last factor on which a surveyor would rely to establish a boundary line. Moreover, Brownlee admitted on cross-examination that Shannon Creek was in its present location when he purchased his property and that his deed called for the "meanderings" of Shannon Creek to be his northern boundary. In light of this evidence and because Brownlee had the burden to prove that the creek had moved, we hold that the evidence supports the jury finding concerning the location of Shannon Creek.

### 3. Failure to Join Mineral Owners

Brownlee contends that the trial court erred in failing to join the mineral owners of the disputed property as indispensable parties. We disagree.

During the trial, Sexton asserted no ownership interest in the minerals under the disputed property. She held only the surface rights under the Darter deed and the partition deed. The judgment specifically limits its effect to the surface rights of the disputed property.

Under the current rule 39 of the Texas Rules of Civil Procedure, a person's presence is rarely so indispensable as to deprive the court of the power to adjudicate between the parties already joined. *Cooper v. Texas Gulf Industries,* 513 S.W.2d 200, 204 (Tex.1974). Even before rule 39 was amended to lessen the instances when joinder would be required, mineral interest owners were not indispensable parties in a trespass-to-try-title action when their interests were not affected by the judgment and when the pleadings and judgment were limited to the surface estate. *Milner v. Whatley,* 282 S.W.2d 903, 908–09 (Tex.Civ.App. —Eastland 1955, writ ref'd n.r.e.). If a party was not held indispensable under the prior rule, he should not be held indispensable under amended rule 39. *See Glasscock v. Citizens Nat. Bank,* 553 S.W.2d 411, 414 (Tex.Civ.App.—Tyler 1977, writ ref'd n.r.e.); 1 R. MCDONALD, TEXAS CIVIL PRACTICE IN DISTRICT AND COUNTY COURTS § 3.23 (rev.1981). In light of the above authorities, we hold that the trial court did not err when it failed to join the mineral interest owners as indispensable parties.

### 4. Attorney's Fees

Brownlee contends that article 5523b of the Texas Revised Civil Statutes

does not authorize recovery of attorney's fees in this case and that even if recovery is proper under that article, the issue as to a reasonable amount of those fees was one for the court, not the jury. We disagree with both contentions.

Article 5523b states in part:

[I]f, in an action for possession of land between a party claiming under the record title to the land and a party claiming by adverse possession, the prevailing party recovers possession from a party unlawfully in actual possession, the court may award reasonable attorney's fees to the prevailing party....

TEX.REV.CIV.STAT.ANN. art. 5523b, § 1 (Vernon Supp.1985). All the elements required for recovery under this article have been met. Sexton claimed the disputed land under record title, Brownlee claimed by adverse possession (in addition to his other claims), and the judgment entitled Sexton to recover possession of the disputed property from Brownlee, who was shown to be in unlawful actual possession. Even though all of the requirements for proving title in an ordinary title suit do not apply because of the nature of the dispute, we hold that recovery of attorney's fees was proper under the above article.

█ Brownlee also contends that because article 5523b provides that "the court may award reasonable attorney's fees," the issue of the reasonableness of those fees is one for the court, not the jury. It is well-settled in Texas that the reasonable value of an attorney's services is a question of fact to be determined by the jury. *Gulf Paving Co. v. Lofstedt,* 144 Tex. 17, 188 S.W.2d 155, 160 (1945); *Magids v. Dorman,* 430 S.W.2d 910, 912 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ ref'd n.r.e.). We hold that the issue of the reasonableness of the attorney's fees was properly submitted to the jury.

### 5. *Judgment*

Brownlee contends that the judgment is deficient because it does not sufficiently describe the property so that possession may be delivered and because it contains an erroneous recital. The general rule in cases dealing with disputed boundary lines is that the judgment:

should definitely fix and establish the location of the line in dispute, and ordinarily should do so with reference to some known object concerning the identity and locality of which there is no controversy. The test of sufficiency is as to whether the judgment so identifies the land that an officer charged with the duty of executing a writ of possession could go upon the ground and without exercising judicial functions ascertain the locality of the line; that is, whether the officer could with the assistance of a competent surveyor find the line by the matter set out in the judgment. If the judgment does not accomplish that result it is of no avail and will be set aside upon appeal.

*Lone Star Development Corp. v. Reilly,* 656 S.W.2d 521, 524 (Tex.App.—Dallas 1983, writ ref'd n.r.e.); *Hernandez v. Robledo,* 236 S.W.2d 242, 243–44 (Tex.Civ.App. —Dallas 1951, no writ).

█ We conclude that the judgment in the instant case meets the standards required by the above rule. The present physical location of Shannon Creek is undisputed. The judgment simply establishes calls following the present location of the creek. The judgment also includes the survey commissioned by Sexton, which shows the correct boundaries of the Sexton property. With the assistance of a competent surveyor, a sheriff or officer could go upon the ground and ascertain the location of the correct boundary between the parties' property by the matters set out in the judgment.

Brownlee argues, and we agree, that the following recital in the judgment is erroneous:

THENCE South 81 degrees *47* minutes 59 seconds West 782.75 feet to where said Shannon Creek intersects and corners with the most westerly West line of the West *41.7* acre tract, as shown on Plaintiff's Exhibit 1. [Emphasis added].

However, we hold that any error in the above recital is not reversible. We reform the judgment to read:

> THENCE south 81 degrees *46* minutes 59 seconds West 782.75 feet to where said Shannon Creek intersects and corners with the most westerly West line of the West *61.416* acre tract, as shown on Plaintiff's Exhibit 1. [Emphasis added].

We affirm the judgment of the trial court, as reformed.