

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-20-00117-CV
_____

DALE LANGSTON AND SUE LANGSTON, APPELLANTS

V.

GARY C. YOKUM, APPELLEE

On Appeal from the 87th District Court
Leon County, Texas
Trial Court No. 17-0091CV; Honorable Deborah Oakes Evans, Presiding

July 1, 2021

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellants, Dale and Sue Langston, appeal the trial court's take-nothing judgment in their action for recovery of possession of a residential lot they purchased in 1978. Appellee, Gary C. Yokum, an adjoining landowner who never purchased and never owned an interest in the lot in question, contends the effect of the trial court's judgment was to vest him with fee simple title to the Langstons' property because, according to his theory of the case, the Langstons failed to establish their title in accordance with certain pleading requirements pertaining to suits brought in accordance with a trespass-to-try-title cause of action. Yokum further contends, by way of a counterclaim postured as a

trespass-to-try-title claim, that he was the rightful owner of the property in question by virtue of the operation of the doctrine of adverse possession. The matters in controversy were submitted to the trial court which entered judgment in favor of Yokum "on his affirmative defenses of adverse possession, laches, and estoppel." The judgment also divested the Langstons of all their right, title, and interest in and to the property in question and ordered that Yokum recover from the Langstons title to and possession of that property.

The Langstons have challenged the judgment of the trial court through four issues questioning whether (1) Yokum acquired title to the property in question by virtue of the Langstons' failure to prove or establish their own title, (2) Yokum acquired title to the property in question by adverse possession under the ten-year statute of limitations pursuant to the counterclaim, (3) the Langstons' claim for recovery of the property is barred by laches, and (4) the Langstons' claim for recovery of the property is barred by estoppel. For the reasons that follow, we reverse the judgment of the trial court and render judgment establishing that the Langstons hold fee simple title to the property in controversy, that Yokum did not acquire title to the disputed property by adverse possession, and that the Langstons' claim for recovery of their property is not barred by laches or estoppel. We further remand this proceeding to the trial court in order that it might consider Yokum's claim for mistaken improvement of the Langstons' property, pursuant to section 22.021 of the Texas Property Code and Rule 788 of the Texas Rules of Civil Procedure, on the theories of unjust enrichment, restitution, and equitable relief. [1]

---

[1] Originally appealed to the Tenth Court of Appeals, sitting in Waco, this appeal was transferred to this court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001 (West 2013). Should a conflict exist between precedent of the Tenth Court of Appeals and this court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court. TEX. R. APP. P. 41.3.

BACKGROUND

In 1978, the Langstons purchased the property in controversy, an unimproved lot legally described as: Lot 24, Block 2, Section 24 of the Hilltop Lakes subdivision in Leon County, Texas, according to the map or plat depicted below. On July 26, 2000, Yokum purchased Lot 23. Yokum's Lot 23 lies immediately adjacent to Lot 24. For reasons that remained unexplained in the record, Yokum mistakenly built a home on Lot 24 and a garage on Lot 33.[2]



Plaintiff's Exhibit 10

After Yokum purchased his lot, he began mowing and caring for Lot 24 while apparently under the mistaken impression it was the lot he had purchased—Lot 23. So

---

[2] Although tax records show Yokum as owning Lots 23 and 34, he never produced a copy of his deed.

too did he clear bushes and weeds and perform "dirt work" of an undescribed nature on Lot 24 between the years 2000 and 2007. Throughout the years he mowed it, he also posted signs and permits on the lot and, at some undetermined point, he placed a wrought-iron stick man on the property. (See photo below.)



Eventually, on May 19, 2007, Yokum executed a Builder Contract and commenced construction of a home on Lot 24. The home was completed in June or July 2008. Nine years later, on March 23, 2017, the Langstons filed a trespass-to-try-title action, claiming that Yokum wrongfully dispossessed them of their realty. Yokum answered and counterclaimed, asserting the affirmative defenses of adverse possession by ten-year statute of limitations, laches, and estoppel. Yokum also asserted his own counterclaim sounding in trespass-to-try-title based on a theory of adverse possession.

Pursuant to Rule 791 of the Texas Rules of Civil Procedure, Yokum demanded that the Langstons file an abstract of title to Lot 24. The Langstons did not do so within

the thirty-day time period prescribed by Rule 791 but rather, moved for an extension of time to file one.[3]  The trial court granted the Langstons an extension, giving them until September 15, 2017, to file the abstract.  They again allowed the deadline to lapse without compliance.  Nevertheless, on May 24, 2018, they filed two documents purporting to satisfy Yokum's demand.  Those documents consisted of a *Developer's Dedication* and a *General Warranty Deed* from the developer to the Langstons.

A bench trial was held in November 2019.  On December 11, 2019, the trial court signed its judgment placing title in Yokum.  The Langstons appealed.

### ISSUE ONE—THE LANGSTONS' FAILURE TO ESTABLISH TITLE TO LOT 24

The first issue we must address is the attack on the trial court's conclusion of law that the Langstons "did not prove or establish their title to Lot 24."  The trial court's conclusion of law appears to be based on the court's finding that "an abstract of title to Lot 24 . . . showing a regular chain of conveyances . . . from the sovereign was not produced . . . ."  This, however, is a misstatement of the law applicable to trespass-to-try-title proceedings being asserted as an affirmative cause of action.  Here, the trial court granted Yokum's affirmative counterclaim for trespass-to-try-title.  The pleading and proof requirements in a trespass-to-try-title action are strict and formal; they also require a *claimant* to prevail on the *superiority of his* title, as opposed to the weakness of his

---

[3] More specifically, Rule 791 provides that, "[a]fter answer filed, either party may, by notice in writing, duly served on the opposite party or his attorney of record, not less than ten days before the trial of the cause, demand an abstract in writing of the claim or title to the premises in question upon which he relies."  The rules further provide for an extension of time and for a remedy for failure to comply:

> Such abstract of title shall be filed with the papers of the cause . . . within thirty days after the service of the notice, or within such further time that the court on good cause shown may grant; and in default thereof, the court may, after notice and hearing prior to the beginning of trial, order that no written instruments which are evidence of the claim or title of such opposite party be given on trial.

TEX. R. CIV. P. 792.

5

opponent's title. *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004). *See Lance v. Robinson*, 543 S.W.3d 723, 735 (Tex. 2018) (noting that trespass-to-try-title actions "involve detailed pleading and proof requirements"). That is to say, "[a] *plaintiff* is not entitled to recover unless the *plaintiff's* own title is effectively disclosed." *Ramsey v. Grizzle*, 313 S.W.3d 498, 505 (Tex. App.—Texarkana 2010, no pet.) (emphasis added). Therefore, in order to maintain an action of trespass-to-try-title the person bringing the suit must have title to the land sought to be recovered. *Id.* (citing *Brownlee v. Sexton*, 703 S.W.2d 797, 799-800 (Tex. App.—Dallas 1986, writ ref'd n.r.e.). As such, Yokum could only prevail based on the strength of his own title, not based on the failure of the Langstons to establish their title to Lot 24. At best, Yokum could argue that the trial court should not grant the Langstons the relief they requested. This, however, would be unnecessary because the Langstons did prove their title by one of the accepted means: superior title out of a common source. *Lance*, 543 S.W.3d at 735; *2027 S. Austin St., LLC v. Latour Condos., Inc.*, No. 07-19-00395-CV, 2021 Tex. App. LEXIS 2005, at *10–11 (Tex. App.—Amarillo Mar. 17, 2021, pet. filed) (mem. op.).

The Langstons offered into evidence, without objection, two critical documents: (1) a *Developer Dedication*, dated March 14, 1967, filed of record on June 13, 1967, under Clerk's File No. 87867, and recorded in Volume 344, Page 94, of the Official Public Records of Leon County, Texas, setting forth the dedication of the Hilltop Lakes Subdivision and (2) a *General Warranty Deed,* dated June 15, 1978, filed of record on November 21, 1978, under Clerk's File No. 129290, and recorded in Volume 455, Page 423, of the Official Public Records of Leon County, conveying Lot 24, Block 2, of the Hilltop Lakes Subdivision, Section 24, a subdivision in Leon County, Texas, to Dale Langston, in fee simple. The only evidence offered regarding Yokum's title was proof of

6

payment of taxes on Lots 23 and 34, Block 2, of the Hilltop Lakes Subdivision, Section 24, a subdivision in Leon County, Texas. Additional evidence showed that in June 2015, Yokum was advised that his home had been built on Lot 24, when the lot he had purchased was Lot 23. As such, because both parties acquired their respective titles from a common source, to-wit: J.B. Land Co., Inc., by and through its President, J.B. Belin, Jr., the developer of the Hilltop Lakes Subdivision, and because the Langstons established superior title to Lot 24, and because Yokum established title to Lot 23 (and not Lot 24), Yokum failed to establish superior title to Lot 24. Accordingly, we resolve the Langstons' first issue in their favor and against Yokum.

### ISSUE TWO—ADVERSE POSSESSION UNDER THE TEN-YEAR STATUTE OF LIMITATIONS

By their second issue, the Langstons contend Yokum failed to establish title under the ten-year statute of limitations. When a party attacks the legal sufficiency of an adverse finding on an issue that the opposing party had the burden to prove at trial, we will sustain that challenge if (a) there is a complete absence of evidence of a vital fact; (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (c) the evidence offered to prove a vital fact is no more than a mere scintilla; or (d) the evidence establishes conclusively the opposite of a vital fact. *Dallas Nat'l Ins. Co. v. De La Cruz*, 470 S.W.3d 56, 57-58 (Tex. 2015) (per curiam). In our review, we credit favorable evidence if a reasonable fact finder could do so and disregard contrary evidence unless a reasonable fact finder could not. *See City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). We consider the evidence in the light most favorable to the finding under review, and we indulge every reasonable inference that would support the finding. *Id.* at 822. The doctrine of adverse possession is based on the statutes of limitation for the recovery of real property. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§

7

16.021-.027 (West 2002 and West Supp. 2020).[4] *See also Wells v. Johnson*, 443 S.W.3d 479, 488 (Tex. App.—Amarillo 2014, pet. denied). Thus, in the context of a dispute concerning possession of real property, the rightful owner of the property must institute suit within a specified period of time (three, five, ten or twenty-five years depending on various statutory factors and conditions) or subsequently be barred from recovery. Not only are suits for the recovery of possession by the rightful owner barred, but adverse possession also operates to vest the adverse claimant with title to the property. *See* § 16.030 (a) (West 2002). Therefore, "[t]he concept of adverse possession allows a person to *claim* title to real property presently titled in another." *Session v. Woods*, 206 S.W.3d 772, 777 (Tex. App.—Texarkana 2006, pet. denied) (emphasis in original).

Due to the harsh nature of disenfranchising someone of title otherwise rightfully held, establishing title by adverse possession is not well-regarded in the law, and strict compliance of the statutory prerequisites is required. *See Thomas v. Southwestern Settlement & Development Co.*, 131 S.W.2d 31, 34 (Tex. Civ. App.—Beaumont 1939, writ dism'd judgm't cor.). *Wells*, 443 S.W.3d at 488. "One seeking to establish title to land by virtue of the statute of limitations has the burden of proving every fact essential to that claim by a preponderance of the evidence." *Rhodes v. Cahill*, 802 S.W.2d 643, 645 (Tex. 1990); *Osborn v. Deep Rock Oil Corp.*, 153 Tex. 281, 286, 267 S.W.2d 781, 787 (1954) (holding that adverse claimant has the burden to prove every fact necessary to that claim by "clear and satisfactory" evidence). Thus, the burden of proving each essential element is on the party claiming title by adverse possession. *Fuentes v. Garcia*, 696 S.W.2d 482, 484 (Tex. App.—San Antonio 1985, no writ) (citing *Davis v. Carriker*, 536 S.W.2d 246,

---

[4] All further references to "section" or to "§" are to the Texas Civil Practice and Remedies Code unless otherwise designated.

251 (Tex. Civ. App.—Amarillo 1976, writ ref'd n.r.e.)). *See Moore v. Stone*, 255 S.W.3d 284, 288 (Tex. App.—Waco 2008, pet. denied). In other words, it was Yokum's burden to prove adverse possession.

Under Texas law, courts have interpreted every claim of adverse possession as encompassing at least six essential elements: (1) visible appropriation and possession of the disputed property, (2) that is open and notorious, (3) that is peaceable, (4) under a claim of right, (5) that is adverse and hostile to the claim of the owner, and (6) consistent and continuous for the duration of the statutory period. *Glover v. Union Pac. R.R.*, 187 S.W.3d 201, 213 (Tex. App.—Texarkana 2006, pet. denied). *See* § 16.021(1) (West 2002). It has been said that adverse possession requires "an actual and visible appropriation of real property, commenced and continued under a claim of right that is inconsistent with and is hostile to the claim of another person." *BP Am. Prod. Co. v. Marshall*, 342 S.W.3d 59, 69 (Tex. 2011) (quoting § 16.021(1)).

Here, Yokum did not establish any open and notorious possession of Lot 24 until sometime after May 19, 2007, when he began construction on his residence. Prior to that date, his use of the property consisted of occasional mowing of the grass, the posting of some signs, and the placement of a wrought-iron stick man. Nothing was done which permanently altered or interfered with the Langstons' use and enjoyment of the property. Furthermore, nothing was done which would put the Langstons on notice that someone was claiming ownership of their property adverse and hostile to their claim of ownership. To the contrary, Yokum testified that he believed (albeit mistakenly) that he was occupying the lot that he had purchased—Lot 23. As such, his possession was not under a claim of right, nor was it adverse and hostile to the rights of the actual owners, the Langstons. Because the Langstons filed their suit on March 23, 2017, less than ten years

after Yokum's earliest commencement of any open and notorious possession (the commencement of permanent construction), Yokum's ten-year adverse possession claim fails as a matter of law. Accordingly, we resolve the Langstons' second issue in their favor and against Yokum.

### ISSUE THREE—WHETHER THE LANGSTONS' CLAIMS ARE BARRED BY LACHES

Yokum contends the Langstons' claims are also barred by the doctrine of laches. In order to establish a claim of laches, it must be shown that there was an unreasonable delay in asserting a legal or equitable right and a good faith change of position by one party, to his detriment, caused by that delay. *Rogers v. Ricane Enterprises, Inc.*, 772 S.W.2d 76, 80 (Tex. 1989); *City of Fort Worth v. Johnson*, 358 S.W.2d 400, 403 (Tex. 1964); *Campbell v. Pirtle*, 790 S.W.2d 372, 375 (Tex. App.—Amarillo 1990, no writ). Under a claim of laches, if the delay impairs the defendant's ability to defend against the claim or ascertain the facts, then the claim should be barred for laches. *De Benavides v. Warren*, 674 S.W.3d 353, 362 (Tex. App.—San Antonio 1984, writ ref'd n.r.e.). Where, however, the claim is based on a legal right, the doctrine of laches is unavailable. *Id.* In fact, the Texas Supreme Court has held that "laches is not a defense in a trespass to try title suit where the plaintiff's right is based on legal title." *Rogers,* 772 S.W.2d at 80. Accordingly, we resolve the Langstons' third issue in their favor and against Yokum.

### ISSUE FOUR—WHETHER THE LANGSTONS' CLAIMS ARE BARRED BY ESTOPPEL

By their fourth and final issue, the Langstons contend there is no evidence to support the trial court's affirmative finding of equitable estoppel because there is no evidence of any of the five essential elements of estoppel. Those essential elements are as follows: (1) a false representation or concealment of a material fact, (2) made with knowledge, either actual or constructive, of the relevant facts, (3) made with the intention

10

that the representation be acted on, (4) to a party without knowledge or the means of obtaining knowledge of those facts, and (5) who relies upon the representation to his detriment. *Schroeder v. Texas Iron Works, Inc.*, 813 S.W.2d 483, 489 (Tex. 1991). Here, no evidence or findings support a finding of equitable estoppel. No representations were made by the Langstons; therefore, there could be no false representation or concealment of facts, as a matter of law. The Langstons' fourth issue is resolved in their favor and against Yokum.

### CONCLUSION

Having sustained each issue in favor of the Langstons and against Yokum, we reverse the judgment of the trial court and render judgment that Dale and Sue Langston are the owners of the following described property situated in Leon County, Texas:

> Lot 24, Block 2, of HILLTOP LAKES, Section 24, a subdivision in Leon County, Texas, according to the map or plat thereof recorded in Volume 2, Page 28 of the Map Records of Leon County, Texas (the map or plat may also be recorded in Envelope No. 56-B of the Map records of Leon County, Texas); more commonly known as 46 Cherokee Lane, Hilltop Lakes, Texas.

Furthermore, we remand this proceeding to the trial court in order that it might consider Yokum's equitable claim for mistaken improvement of the Langstons' property, pursuant to section 22.021 of the Texas Property Code and Rule 788 of the Texas Rules of Civil Procedure, on the theories of unjust enrichment, restitution, and equitable relief. Yokum is granted temporary possession of the premises pending final disposition of his section 22.021 claims. All other relief requested is denied.

Patrick A. Pirtle
Justice

Quinn, C.J., dissenting.

11