HAMILTON v. GREEN. (No. 7056.)

(Court of Civil Appeals of Texas. Dallas. April 4, 1914. Rehearing Denied April 25, 1914.)

1. LIMITATION OF ACTIONS (§ 19*)—EQUITABLE ACTIONS — REFORMATION OF INSTRUMENTS.

An answer seeking affirmative relief, which was indorsed as directed for suits in trespass to try title, and which alleged that the land in controversy had been partitioned by agreement between the heirs of a former owner, but that, by mistake, the deed to plaintiff's grantor had included more land than was agreed upon and that defendant received less than he should, and that the plaintiff's grantor had agreed to a repartition, of which fact plaintiff had knowledge, shows merely an equity to reform the partition deed, and not title to the land, and therefore was, within the contemplation of the statute of limitation, a suit for the reformation of a deed, which was barred in four years by Rev. St. 1911, art. 5690, and not a suit to recover the shortage in land.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 73–85; Dec. Dig. § 19.*]

2. TRESPASS TO TRY TITLE (§ 32*)—ACTION—TITLE.

The facts alleged did not support a suit in trespass to try title; since, if true, they did not amount to an allegation of title.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. §§ 39–41; Dec. Dig. § 32.*]

3. LIMITATION OF ACTIONS (§ 170*)—EFFECT ON OTHER REMEDY.

While a suit to reform a deed and one in trespass to try title may be determined in one proceeding, yet if the title depends upon the reformation of the deed, and the right to such reformation is barred by the statute of limitations, the right to proceed with the suit in trespass to try title also fails.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 656; Dec. Dig. § 170.*]

Appeal from District Court, Navarro County; H. B. Daviss, Judge.

Action by W. J. Green against J. P. Hamilton. Judgment for the plaintiff, and defendant appeals. Affirmed.

Callicutt & Call and Jack & Jack, all of Corsicana, for appellant. Woods & Kerr, of Corsicana, for appellee.

RASBURY, J. Appellee sued appellant in the court below, alleging that appellant was interfering with appellee and his tenants in the possession, use, and enjoyment of certain lands in Navarro county, of which he was the owner in fee simple. Injunction restraining appellant from his alleged unlawful acts pending a trial was sought, with prayer that it be made perpetual upon a hearing on the merits. Temporary writ of injunction was issued as prayed. No motion was made to dissolve same, and the case remained on the docket in the condition stated for probably two years, when appellant filed answer seeking affirmative relief, wherein it was alleged that the lands described in appellee's petition were a portion of the lands which descended to the heirs of Jesse L. Hamilton according to the law of descent and distribution. The answer, which was also indorsed as directed for suits in trespass to try title, then alleged as basis for the relief, sought the following facts: When Jesse L. Hamilton died, those entitled to his estate believed one of the tracts of land owned by him contained 199½ acres. This tract, by agreement of all concerned, was set aside to appellant and Lola Beauchamp, son and daughter, respectively, of Jesse L. Hamilton; Lola Beauchamp to have 72 acres thereof, and appellant the remaining 127½ acres. Lola Beauchamp's 72 acres were surveyed and set off to her; appellant taking the balance, supposing it to contain 127½ acres. As a matter of fact, the tract contained approximately 30 acres less than supposed, due to the error or mistake of a third person to whom the parties referred the division of the land and the preparation of the deeds of partition; the result being that Lola Beauchamp received more land out of said tract than she was entitled to, based upon the proportion or ratio indicated by the figures stated. Appellant, after discovering the mistake, the date of which discovery is not shown, demanded of his sister, Lola Beauchamp, a resurvey and repartition of the land and a correction of the deed. She agreed to do so, but, in fact, did not. She subsequently died, and those entitled to do so sold the land to appellee. Appellee had notice of the facts alleged, and, after his purchase, agreed to re-

partition the land and correct the deed. The prayer of appellant was, in substance, that evidence be heard, the land ordered resurveyed and repartitioned, and the deed from the appellant to Lola Beauchamp and the one from Lola Beauchamp's heirs to appellee be corrected so as to conform to the agreement of repartition between appellant and his sister.

Appellee, in his reply to appellant's answer seeking a resurvey and repartition of the land and a correction of the deed, set out as defensive matter the following facts: The heirs of Jesse L. Hamilton did, in fact, partition the land in controversy in the year 1896, and made deed to Lola Beauchamp, née Hamilton, therefor, appellant joining in same, said deed being recorded in Navarro county January 11, 1897. Mrs. Beauchamp went into visible, actual, and complete possession of the lands upon execution of the deed, fenced it from the other portion of the tract, continuing such possession until her death in 1900. After her death her husband and her children continued such possession until May 18, 1907, at which time her husband, Joe R. Beauchamp, who had acquired the land by purchase from his children for valuable consideration, conveyed same to appellee by general warranty deed, which deed was, on May 22, 1907, recorded in Navarro county. Appellee purchased the land in good faith for value, without notice, actual or constructive, of any fact concerning any mistake relating to the quantity of land received by Lola Beauchamp or her right under the partition to hold the amount described in her deed. Appellant did not give appellee notice of any such claim, nor did appellant at any time agree to a resurvey and repartition thereof, nor did appellant make any claim of mistake in the partition of the land or ask or demand a repartition thereof, or make any claim to any of the land held by appellee on account of such mistake, until January 1, 1911.

Other facts supporting other rights and defenses were urged by both parties, but it is unnecessary, as indicated, to particularize them in order to determine the issue presented.

There was a trial before jury. Verdict was for appellee, followed by judgment quieting appellee in the permanent and undisturbed possession, use, and enjoyment of his premises, and making the temporary writ of injunction permanent.

[1] On demand of appellee, and on the theory that the suit was one to correct a mistake in a deed and reform the same, and not for the recovery of lands, the court instructed the jury that, depending upon their finding upon certain conflicting facts, the cause of action would be barred, because not commenced and prosecuted within four years from the time of the accrual of the right to sue. Article 5690, R. S. 1911. It is contended by appellant that the charge should not

have been given, because it appears from the pleading that the purpose of the suit was to recover lands by suit in trespass to try title. The contention is, in our opinion, unsound. The case made by appellant is that he and his sister were mistaken in the number of acres contained in the tract of land which they divided between them, and that, as a result, his sister got more land than she should have received. If appellant's sister did, in fact, receive more land in the division than she was entitled to, the result, in law, was that, as between themselves, appellant had an equitable interest, not title, in the land deeded to his sister, in the ratio of whatever the shortage was shown to be bore to the basis upon which they had agreed to divide. His interest was but an equity, capable of being ascertained and enforced only by a direct proceeding to set aside the deed or correct it upon proper pleading and evidence, and was not, in contemplation of the statutes of limitation, a suit to recover land. McCampbell v. Durst, 15 Tex. Civ. App. 522, 40 S. W. 315.

[2] Further, the facts alleged by appellant will not support an action of trespass to try title, for the reason that such allegations, if true, do not constitute title, a necessary ingredient in such suits. As said in Gilmore et al. v. O'Neil et al., 139 S. W. 1162: "Until a court of equity had acted upon the pleading and facts, and granted a correction of the instrument to make it read as was intended by the parties, he had no title by virtue of it that he could use as a defense." In short, until it was ascertained, by a hearing upon the very facts urged by appellant in his amended answer, that there was a mistake in the deed and a correction or reformation of the same had, suit in trespass to try title could not be maintained, and hence the four-year statute was applicable, and, the jury having found against appellant on all conflicts relating to notice, etc., a finding under said statute should be sustained.

[3] We do not mean to say that a suit to cancel or correct deed and one in trespass to try title may not be determined in one proceeding. We think it can. Before the land may be recovered in such proceeding, however, the correction or reformation of the deed is an essential preliminary step, and if, in the progress of the suit, the four-year bar is pleaded, and the facts raise the issue which is resolved by the jury for the one in possession, the fact that such dual relief is sought is immaterial; since a favorable finding upon the questions of limitation destroys the right to sue in or proceed with the suit in trespass to try title.

Other assignments of error are urged, but they become immaterial, in view of our conclusion that the facts pleaded by appellant show the suit was one to correct and reform a deed, and which suit was by the verdict of the jury filed approximately 14 years after adverse possession of the land commended.

The judgment is affirmed.