**William M. AMERMAN and Carolyn Frances Amerman, Appellants,**

v.

**Kirk E. MARTIN and Suzanne K. Martin, Appellees.**

No. 06–00–00153–CV.

Court of Appeals of Texas, Texarkana.

Submitted Aug. 30, 2001.

Decided July 12, 2002.

**860**

J. Mitchell Smith, Germer, Bersen & Gertz, L.L.P., Beaumont, for appellant.

Walter D. Snider, Snider & Morgan, LLP, Beaumont, for appellee.

Before GRANT, ROSS, and CORNELIUS,* JJ.

* William J. Cornelius, Chief Justice, Retired,      Sitting by Assignment

## OPINION

Opinion by Justice GRANT.

William Amerman and Carolyn Amerman appeal from a judgment in favor of Kirk Martin and Suzanne Martin in which the trial court, after a jury trial, declared a boundary line dispute in favor of the Martins and awarded attorney's fees to the Martins. The Martins were the plaintiffs in the action below.

The Amermans contend that this relief could not have been proper because the Martins abandoned their trespass to try title claim before resting, that the evidence was factually and legally insufficient to support the jury's verdict, that there was factually and legally insufficient evidence to support the jury's finding that the Amermans had caused a cloud on the Martins' title, and that attorney's fees were improperly awarded.

The Martins built a wire fence on a line they contend was the correct boundary line between their tract of land and the Amermans' adjoining tract of land. William Amerman tore down the fence, contending it encroached thirty feet into the Amerman property. The Martins filed a trespass to try title lawsuit, a request for declaratory judgment with injunctive relief, and an action to quiet title. Three questions were submitted to the jury: (1) the jury was asked to find by a preponderance of the evidence whether the boundary line drawn by the Martins' surveyor was the proper location of the boundary line on the ground; (2) the jury was asked whether the Amermans' survey, which was filed of record, cast a cloud on the Martins' title; and (3) the jury was asked for the amount of attorney's fees that should be awarded to the Martins.

The jury found that the Martins' surveyor's line was correct, that the Amermans' survey cast a cloud on the Martins' title, and found the attorney's fees to be in the amount of $25,000, plus $10,000 in attorney's fees for appeal to this court.

The first matter that must be resolved is the type of action brought in this proceeding. The Amermans contend this suit is in the nature of a trespass to try title action because it is determining title to the land. *See* TEX. PROP.CODE ANN. § 22.001 (Vernon 2000).

■ In a trespass to try title action, the plaintiff must prove a regular chain of conveyances from the sovereignty, prove superior title out of common source, prove title by limitations, or prove prior possession which has not been abandoned. *Rogers v. Ricane Enters., Inc.*, 884 S.W.2d 763 (Tex.1994).

■ In *Plumb v. Stuessy*, 617 S.W.2d 667 (Tex.1981), the Texas Supreme Court determined that boundary disputes may be tried by a statutory action of trespass to try title; however, it is not a pure trespass to try title action; rather, it is a boundary suit even though it may involve questions of title. In this type of suit, it is not necessary for the plaintiff to establish a superior title to the property in the manner required by the formal trespass to try title action. *See also Rocha v. Campos,* 574 S.W.2d 233, 235 (Tex.Civ.App.-Corpus Christi 1978, no writ); *Brown v. Eubank,* 378 S.W.2d 707, 711 (Tex.Civ.App.-Tyler 1964, writ ref'd n.r.e.).

■ This court has held that the placing into evidence of a recorded deed showing a plaintiff's interest in the disputed property has been held sufficient to establish a present legal right of possession in a boundary suit. *Lee v. Grupe,* 223 S.W.2d 548, 550–51 (Tex.Civ.App.-Texarkana 1949, no writ).

■ In the present case, both parties pled trespass to try title actions in addition to other causes of action. During the course of the trial, the Martins nonsuited and abandoned their trespass to try title action. The Amermans sought to submit a jury question concerning their trespass to try title action, but the trial court refused to submit this question. The Amermans did not raise a point of error on appeal concerning the trial court's failure to submit this question to the jury. Thus, they have waived any right they may have had to get a jury determination on the trespass to try title proceeding. Furthermore, the Martins and Amermans agreed that the boundary line in question would be determinative of the ownership of the strip of land in question. All boundary line disputes result in the determination to some extent of the ownership of a strip of land that is incidental to the location of the boundary.

At a conference before the submission to the jury, both parties agreed the thirty-foot strip of property would be awarded in accordance with the jury's finding on the correct location of the boundary line on the ground.[1]

■ Also, in the present case, the parties agreed the two tracts of land should abut each other (not overlap) in accordance with these separate tracts of land purchased by the two parties. The dispute was where these lines were located on the ground. Thus, it was not necessary for

---

1. The trial court stated in the conference, "—the Amermans have title based on Plaintiff's indication that they will stipulate on the record that if the jury finds in answer to Question 1 that the correct line is as shown in the survey prepared by Mr. Whiteley, that if it's answered unfavorably to them at the conclusion of the last appeal, if any, they will execute waiver papers necessary to formally deed the property over to Defendant."

either party to establish a chain of title, but the sole issue at trial concerning the ownership of the thirty-foot strip of land was a matter to be determined by where the survey line was located on the ground. This is not to say there were not references to prior conveyances and surrounding tracts of land in order to properly locate the boundary on the ground. The points complaining of the Martins' failure to establish a chain of title showing ownership back to the sovereignty of the soil or to a common source are therefore overruled.

The Amermans also contend the evidence was legally and factually insufficient to support the jury's determination that the boundary line as set out by the Martins' surveyor was the correct one.

■■■ When deciding a no-evidence point, in determining whether there is no evidence of probative force to support a jury's finding, we must consider all of the evidence in the record in the light most favorable to the party in whose favor the verdict has been rendered, and we must apply every reasonable inference that could be made from the evidence in that party's favor. *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex.1997). In this review, we disregard all evidence and inferences to the contrary. *Burroughs Wellcome Co. v. Crye*, 907 S.W.2d 497, 499 (Tex.1995); *Best v. Ryan Auto Group, Inc.*, 786 S.W.2d 670, 671 (Tex. 1990). A no-evidence point will be sustained when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact. *Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 334 (Tex.1998).

■■■ When considering a factual sufficiency challenge to a jury's verdict, courts of appeals must consider and weigh all of the evidence, not just that evidence which supports the verdict. *Maritime Overseas Corp. v. Ellis*, 971 S.W.2d 402, 407 (Tex.1998). A court of appeals may set aside the verdict only if it is so contrary to the overwhelming weight of the evidence that the verdict is clearly wrong and unjust. *Id.; Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986). The court of appeals is not a fact-finder. Accordingly, the court of appeals may not pass on the witnesses' credibility or substitute its judgment for that of the jury, even if the evidence would clearly support a different result. *Maritime*, 971 S.W.2d at 407.

■■■ The discrepancy between the testimony of the opposing surveyors focuses on the setting of the northwest corner of the Crowell/Martin property, being the northwest corner of the Devoss/Amerman property. Mark Whiteley, the surveyor for the Martins, set that corner at a one-and-one-half-inch pipe found at the corner location. He cited documentary evidence of other surveyors who had acknowledged and used that one-and-one-half-inch pipe in previous surveys.[2] There is a general rule in surveying of endeavoring to find the footsteps of the original surveyor and to try to harmonize the survey with previous field-note calls. *See* 4 FRED A. LANGE & ALOYSIUS A. LEOPOLD, TEXAS PRACTICE: LAND TITLES AND TITLE EXAMINATION § 815 (1992), and cases cited therein.

---

2. Whiteley testified that in the surveys he had reviewed, Guy Stonecipher established that corner in 1964, Matt M. Racki the same location in 1973, Billy J. Howell in 1983, and in his own surveys in 1987, 1991, 1992, and 1993.

On the other hand, Gilbert Johnston, the surveyor for the Amermans, placed the corner in question at a five-eighth-inch rod. He cited no prior surveys that had mentioned, acknowledged, or used this rod in any way on any of the boundary lines for a starting point, and furthermore, Whiteley testified the five-eighth-inch rod was not in the ground when he surveyed the property three years earlier. This left the jury to decide whether this rod had been a part of any previous surveys or markings establishing the boundary line.

██ Both the law and the principle of surveys establish a priority of calls. Ordinarily, laws will give a priority in the order (1) of calls for natural objects, (2) of calls for artificial objects, (3) of calls for course and distance, and (4) of calls for quantity or acreage. This principle has been approved by numerous cases in Texas as far back as *Stafford v. King*, 30 Tex. 257 (1867). Johnston relied heavily on distances in his locating of the boundary line in question. However, as set forth above, artificial objects such as stakes or pipes have priority over the distance.

In considering the factual sufficiency of the evidence, we have considered the testimony of the Amermans' surveyor, as well as the document conveying an easement from the Amermans' immediate predecessor from Pye to the Jefferson County Drainage District Number 6. The emphasis in that conveyance was the distance of the width, not the corner markers.

The testimony in this case, as well as the exhibits of previous deeds and surveys, were legally and factually sufficient to support the jury's finding of the location of the boundary line in question.

██ The Amermans next contend the Martins failed to prove the Johnston survey cast a cloud on the title to their property. The answer to jury question number one made that factual determination and, based on that finding, the court made a judicial determination as to the location of the line. The Johnston survey had been filed of record, and the determination that it placed a cloud on the title naturally flowed from the jury's finding as previously discussed. These contentions are overruled.

The remaining question is whether the Martins are entitled to recover attorney's fees. This court found in a suit to quiet title or to remove a cloud on title that attorney's fees were not available. *Sadler v. Duvall*, 815 S.W.2d 285, 293–94 (Tex. App.-Texarkana 1991, writ denied). *Accord Southwest Guar. Trust Co. v. Hardy Road 13.4 Joint Venture*, 981 S.W.2d 951, 957–58 (Tex.App.-Houston [1st Dist.] 1998, pet. denied).

██ In the present case, the artful pleading of the plaintiffs requested that this decision be made under the Uniform Declaratory Judgments Act, Section 37.001, et seq., which provides that the trial court may award attorney's fees. TEX. CIV. PRAC. & REM.CODE ANN. § 37.001, et seq. (Vernon 1997 & Supp.2002). It is an abuse of discretion for the trial court to award attorney's fees under the Uniform Declaratory Judgments Act when the statute is relied on solely as a vehicle to recover attorney's fees. *Tex. State Bd. of Plumbing Exam'rs v. Associated Plumbing-Heating-Cooling Contractors of Tex., Inc.*, 31 S.W.3d 750 (Tex.App.-Austin 2000, pet. dism'd by agr.)

In *Brainard v. State*, 12 S.W.3d 6, 27–30 (Tex.1999), the Texas Supreme Court discusses this matter. The Texas Supreme Court disallowed attorney's fees in *Brainard*, because the wording of the resolution authorizing the suit against the state did not authorize the suit to be brought under the Uniform Declaratory Judgments Act. However, in dicta, the Texas Supreme

Court suggests that such a boundary line dispute could be brought under the Uniform Declaratory Judgments Act.

Until the Texas Supreme Court rules in the *ratio decidendi* of an opinion that attorney's fees are appropriate in this type of action, we shall not allow this expansion of the rule. In *Ely v. Briley,* 959 S.W.2d 723 (Tex.App.-Austin 1998, no pet.), the court held that attorney's fees under the Texas version of the Uniform Declaratory Judgments Act are not appropriate in a suit that is in the nature of a trespass to try title. The present suit, being a boundary dispute with title to a strip of land in question, is in the nature of a trespass to try title suit. Therefore, this point of error is sustained and attorney's fees are denied.

The judgment of the trial court is modified to delete the award of attorney's fees. As modified, the judgment is affirmed.