11th Court of Appeals

 Eastland, Texas

          Opinion

 

George B. Shepard; James C. Mills, 

Individually and d/b/a MultiMortgage 

BanCorp; and MultiMortgage BanCorp, Inc.

 

Appellants

Vs.                   No. 11-02-00043-CV B Appeal from Harris County

Elbert G. Boone, Jr. and Mary Ella Boone

Appellees

 

This is a
wrongful foreclosure case.  Elbert G.
Boone, Jr. and Mary Ella Boone, appellees, sued George B. Shepard and James C.
Mills, individually and d/b/a MultiMortgage BanCorp, and MultiMortgage BanCorp,
Inc., appellants, seeking to set aside a foreclosure sale.  On March 15, 2001, the trial court entered a
partial summary judgment ordering that a trustee=s sale by Mills, substitute trustee, was void.  The court further ordered that the trustee=s deed from Mills, substitute trustee, to
Shepard was void.  On October 3, 2001,
the trial court held a hearing on attorney=s fees.  On October 16, 2001,
the court entered a final judgment awarding appellees $29,356.00 in attorney=s fees. 
The judgment stated that A[a]ll relief requested in this case and not expressly granted is
denied.  This judgment finally disposes
of all parties and claims and is appealable.@

Appellants
appeal.  We affirm the summary judgment,
reverse the award of attorney=s fees, and remand that issue to the trial court for a new trial.








In 1986,
appellees signed a contract for improvements to their home, a deed of trust
covering their residence, and a promissory note in the amount of
$45,011.00.  The note was made payable
to Briercroft Savings Association in monthly installments of $697.17.  Briercroft assigned the note to Old Republic
Insured Financial Acceptance Corporation on October 23, 1995.  On January 6, 1998, Old Republic assigned
all of its interest in the AContract for Improvements@ and ADeed of Trust@ executed by appellees to AMultiMortgage BanCorp.@  The written assignment did not
assign the $45,011.00 note that was executed by appellees.  On January 8, 1998, Mills, as president of
MultiMortgage BanCorp, notified appellees by letter that MultiMortgage BanCorp
had purchased appellees= note and deed of trust.  Mills
stated in the letter that appellees were required to provide the ANoteholder@ with insurance coverage and with proof that all taxes were current and
paid when due.  Mills stated that,
should appellees fail to comply within 20 days, the owner and holder could at
its option declare the entire balance of the indebtedness due and payable and
sell the property at foreclosure to satisfy such indebtedness.  On January 29, 1998, notice was given to
appellees that a foreclosure sale would be conducted on March 3, 1998, because
of default in the payment of the indebtedness. 
On March 3, 1998, Mills, as substitute trustee, executed a deed
conveying appellees= real property
to Shepard.

Appellees
alleged, among other things, in their motion for summary judgment that
MultiMortgage BanCorp was not the owner and holder of the note at the time of
the foreclosure sale.  Appellants
responded by relying upon the written assignment from Old Republic to
MultiMortgage BanCorp dated January 6, 1998.

The trial
court=s order granting the partial summary judgment
did not specify the ground or grounds relied on by the court for its
ruling.  We must affirm the summary judgment
if any of the theories urged by appellees in their motion for summary judgment
are meritorious.  Carr v. Brasher, 776
S.W.2d 567 (Tex.1989).  

Appellees
argue that they established that they were entitled to a summary judgment on
the issues Aexpressly presented to the trial court@ by conclusively proving all the essential
elements of their cause of action as a matter of law.  City of Houston v. Clear Creek Basin Authority, 589 S.W.2d 671,
678 (Tex.1979).  We agree.  The court in City of Houston v. Clear Creek
Basin Authority, supra at 678-79, stated:

With the
exception of an attack on the legal sufficiency of the grounds expressly raised
by the movant in his motion for summary judgment, the non-movant must expressly
present to the trial court any reasons seeking to avoid movant=s entitlement, such as those set out in rules
93 and 94, and he must present summary judgment proof when necessary to
establish a fact issue.  No longer must
the movant negate all possible issues of law and fact that could be raised
by the non-movant in the trial court but were not.  (Emphasis in original)

 

 

 








The Aholder@ of a negotiable instrument is defined in TEX. BUS. & COM. CODE
ANN. ' 1.201(20) (Vernon Supp. 2003) as:

[T]he person in possession if the instrument
is payable to bearer or, in the case of an instrument payable to an identified
person, if the identified person is in possession.

 

TEX. BUS.
& COM. CODE ANN. ' 3.201
(Vernon 2002) provides in part:

(a) ANegotiation@ means a transfer of possession, whether voluntary or involuntary, of
an instrument by a person other than the issuer to a person who thereby becomes
its holder.

 

(b) Except
for negotiation by a remitter, if an instrument is payable to an identified
person, negotiation requires transfer of possession of the instrument and its
indorsement by the holder.

 

In
Jernigan v. Bank One, Texas, N.A., 803 S.W.2d 774, 777 (Tex.App. - Houston
[14th Dist.] 1991, no writ), the court recognized that, under certain
circumstances, a promissory note can be transferred without a written
assignment or proper indorsement.  The
court held:

Promissory
notes can be transferred lawfully without a written assignment or an
indorsement by the legal owner or holder. 
Waters v. Waters, 498 S.W.2d 236, 241 (Tex.Civ.App. - Tyler 1973, writ
ref=d n.r.e.); see also Christian v. University
Federal Savings Association, 792 S.W.2d at 534.  Absent an indorsement, however, possession must be accounted for
by proving the transaction through which the note was acquired.  Tex. Bus. & Com. Code Ann. ' 3.201(c), Comment 8 (Vernon 1968); Lawson v.
Finance America Private Brands, Inc., 537 S.W.2d at 485.  Appellee has presented no proof of any
transfer that would vest in it ownership rights sufficient to enforce payment
of the note.

 

See Northwestern National
Insurance Company v. Crockett, 857 S.W.2d 757, 758 (Tex.App. - Beaumont 1993,
no writ).








Here,
appellants failed in their written response to appellees= motion for summary judgment to allege or
present sufficient summary judgment proof that MultiMortgage BanCorp was the
owner and holder of the note signed by appellees.  City of Houston v. Clear Creek Basin Authority, supra at
678-79.  Appellants= written response and summary judgment proof
relied upon the written assignment from Old Republic to MultiMortgage
BanCorp.  That assignment did not assign
the note signed by appellees.  The summary
judgment proof conclusively established that the party (MultiMortgage BanCorp)
that foreclosed on appellees= residence was not the owner and holder of the note.  The trial court correctly granted the
partial summary judgment.  

Appellants
contend that the trial court erred in granting appellees= motion to file their ASupplemental Third Amended Petition@ and in awarding appellees attorney=s fees pursuant to the Texas Declaratory
Judgments Act, TEX. CIV. PRAC. & REM. CODE ANN. ' 37.009 (Vernon 1997).  We agree.

In their
third amended original petition, appellees alleged that the note, deed of
trust, and contract were void.  The
court expressly refused to find that these instruments were void in the partial
summary judgment that was entered. 
Appellees also alleged that the foreclosure was wrongful and placed a
cloud on appellees= title
to the property because MultiMortgage BanCorp was not the owner and holder of
the note at the time of the foreclosure and sale.  Appellees specifically alleged, in a separate paragraph titled AAttorney=s Fees,@ that they were entitled to attorney=s fees pursuant to A16 C.F.R. 433 and/or Tex. Civ. Prac. &
Rem. Code ' 38.001.@

On October
3, 2001, the day of the hearing on attorney=s fees, appellees filed a motion to file a Asupplemental@ third amended petition.  The
supplemental petition states:

Plaintiffs
are entitled to recover their reasonable and necessary attorney=s fees pursuant to the Texas Declaratory
Judgment Act, Tex. Civ. Prac. & Rem. Code ' 37.001, because their causes of action include a declaration of
rights, status and legal relations under a written contract and other
writings.  Tex. Civ. Prac. & Rem.
Code ' 37.004. 
This Court has granted partial summary judgment in favor of Plaintiffs
declaring the foreclosure sale against the Plaintffs= real property and trustee=s deed resulting from the sale void, because
none of the Defendants own and hold the Note and Deed of Trust upon which the
foreclosure was predicated.  This
declaration of the parties= rights constitutes relief pursuant to Tex. Civ. Prac. & Rem. Code ' 37.004, and entitles Plaintiffs to attorney=s fees pursuant thereto.

 








After the
parties presented their arguments and authorities, the court granted appellees= motion to file their supplemental third
amended petition.  Appellants urged in
their objections at trial, and in this appeal, that the request for attorney=s fees pursuant to Section 37.009 was a Asurprise@ under TEX.R.CIV.P. 63 and 66 and a Asubstantive@
change.[1]  We agree. 
See Chapin & Chapin, Inc. v. Texas Sand & Gravel, Inc., 844
S.W.2d 664 (Tex.1992).

Appellees
argued before the trial court and on this appeal that they had sought attorney=s fees pursuant to Section 37.009 in their
third amended original petition filed July 6, 2000.  We disagree.  In their
third amended original petition, appellees sought AAttorney=s Fees@ pursuant to two specifically alleged
statutes.  In their prayer, appellees
requested A[r]easonable attorney=s fees@ and a Adeclaration that the Substitute Trustee=s Deed, the Note, the Deed of Trust, the Contract...are void@ along with several other requests.  (Emphasis added)  The inclusion in the prayer of the word Adeclaration@ was not a proper allegation for attorney=s fees pursuant to Section 37.009. 
The supplemental third amended petition, which was filed on the day of
the hearing, asserted a Anew cause of action@ for attorney=s fees
pursuant to the Texas Declaratory Judgments Act, TEX. CIV. PRAC. & REM.
CODE ANN. ' 37.001 et seq. (Vernon 1997 & Supp.
2003), and was prejudicial on its face. 
See Greenhalgh v. Service Lloyds Insurance Company, 787 S.W.2d 938
(Tex.1990).  Purvis Oil Corp. v. Hillin,
890 S.W.2d 931, 939 (Tex.App. - El Paso 1994, no writ), and the other cases
cited by appellees are distinguishable. 
We note that the court in Purvis Oil Corp. pointed out that, in
Hillin=s Aamended answer, it specifically requests an award of attorney=s fees pursuant to Section 37.009 of the
Texas Civil Practice and Remedies Code (Uniform Declaratory Judgments Act).@  No
similar allegation was made by appellees in their third amended original
petition.  Such allegation was first
made in their supplemental third amended petition which was filed on the day of
the trial of the issue of attorney=s fees.  We hold that appellees
did not allege that they were entitled to attorney=s fees pursuant to the Texas Declaratory
Judgments Act in their third amended original petition.  Also, the trial court abused its discretion
in granting appellees=
motion to file their supplemental third amended petition and in awarding
appellees attorney=s fees
of $29,356.00.  The issue of attorney=s fees is remanded to the trial court.








The trial
court=s judgment granting the partial summary
judgment is affirmed.  The award of
attorney=s fees is reversed, and the attorney=s fees issue is remanded to the trial court.

 

AUSTIN
McCLOUD

SENIOR
JUSTICE

 

January 23, 2003

Panel consists of: Arnot, C.J., and

McCall, J., and McCloud, S.J.[2]











[1]Appellants did not object that appellees= cloud-on-title allegation involved a dispute over title
to land, and attorney=s fees are not to be awarded in this type of suit under
the Texas Declaratory Judgments Act. 
Therefore, we will not discuss that issue.  See The John G. and Marie Stella Kennedy Memorial Foundation v.
David Dewhurst, Commissioner of the General Land Office, 90 S.W.3d 268
(Tex.2002); Brainard v. State, 12 S.W.3d 6, 27-30 (Tex.1999); Amerman v.
Martin, 83 S.W.3d 858 (Tex.App. - Texarkana 2002, pet=n filed); 17 WILLIAM V. DORSANEO III ET AL., TEXAS
LITIGATION GUIDE ' 257.06(3) (Nov. 2000).





[2]Austin McCloud, Retired Chief Justice, Court of
Appeals, 11th District of Texas at Eastland sitting by assignment.