United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 10, 2004**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 03-40171

IN RE: JUAN LINO GARZA, SR., ETC., ET AL.,

DEBTORS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JUAN LINO GARZA, SR., ETC., ET AL.,
Appellants

v.

COATES ENERGY TRUST, ET AL.,
Appellees

Appeal from the United States Bankruptcy Court
for the Southern District of Texas
(02-CV-319)

Before JOLLY and WIENER, Circuit Judges, and WALTER, District Judge.[*]

WALTER, District Judge.[**]

This is a suit for attorneys fees under the Texas Declaratory Judgment Act.  Tex. Civ. Prac.

& Rem. Code §37.001, *et seq.* (the "TDJA").  In this appeal, plaintiffs-appellants (the "Garzas")

argue that the Bankruptcy Court erred in awarding attorneys fees to defendants-appellees under

_____

[*]District Judge for the Western District of Louisiana sitting by designation.

[**]Pursuant to Fifth Circuit Rule 47-5, the Court has determined that this opinion should
not be published and is not precedent except under the limited circumstances set forth in Fifth
Circuit Rule 47-5.4.

Texas law, and that the trial court erred in severing the claims for attorneys fees from the claims disposed of on partial summary judgment in favor of appellees. Defendants-appellees assert that, under Texas law, attorneys fees are available when claims are brought under the TDJA. Defendants-appellees further assert that even if the claims for attorneys fees were improperly severed, the Garzas waived any appeal of the severance because they have provided no evidence that they objected to the severance before either the Texas trial or appellate courts. For the reasons stated herein, the findings of the Bankruptcy Court are **AFFIRMED**.

## I.      Background.

This case arises from a boundary dispute in Texas state court relating to mineral rights in approximately 108 acres of land in Hidalgo County, Texas. Garza v. Maddux, 988 S.W.2d 280, 282 (Tex. App. 1999). George Schunior ("Schunior"), the common source of all deeds at issue in this case, conveyed adjacent parcels to both the Garzas' predecessor in interest and to Coates Energy Trust's ("Coates") and El Paso Oil & Gas Co.'s (Coastal Oil & Gas Corp.'s predecessor) (collectively "Coates and Coastal" or "appellees") predecessor in interest. Garza, 988 S.W.2d at 282. Although the boundary between these parcels is reflected by a plat map, the Garzas contested the boundary between these parcels in Texas state court. Id. at 285. Specifically, the Garzas alleged that the disputed tract was part of their parcel rather than the appellees' as indicated by the plat map. Id. The Garzas asserted that Schunior had erroneously conveyed the disputed tract to appellees' predecessor in interest or, in the alternative, that he had acquired title to the disputed tract by adverse possession. Id. at 286.

"The Garzas sued Elizabeth H. Coates Maddux . . . alleging multiple tort claims, breaches of certain covenants, and drainage . . . [and] also sought reformation of a 1920 deed and declaratory

2

judgment that they own the mineral rights" in the property at issue. Id. at 281-282. The Garzas sued Coates and Coastal in Texas state court to quiet title to the underlying minerals of the disputed tract, alleging trespass to try title, adverse possession and declaratory judgment claims. The state court rejected the Garzas' claims and entered summary judgment in favor of Coates and Coastal. In its Order, the trial court quieted title to the mineral rights in the disputed tract in Coates and Coastal and denied the Garzas' various claims for declaratory relief. Id.[1] The remainder of the claims, including Coates and Coastal's claims for attorneys fees, were severed to allow for an immediate appeal of the court's ruling on partial summary judgment. Id. The granting of partial summary judgment was appealed to the Texas Court of Appeals and affirmed. Garza, 988 S.W.2d at 291.

Following the state court appeal, Coates and Coastal sought the previously severed attorneys fees. Before the state court preliminary hearing on the attorneys fees issue, the Garzas filed for bankruptcy and removed the case to Bankruptcy Court. The Bankruptcy Court tried the attorneys fees issue and awarded fees to Coates and Coastal. The United States District Court for the Southern District of Texas affirmed.

---

[1]The Texas trial court held:

> That the said motions for Summary Judgment filed by Coates and Republic Defendants which relate solely to the issue of the title to the lands hereinafter described are supported by good cause . . . IT IS, THEREFORE, ORDERED . . . that, as a matter of law, the title to the oil, gas and other minerals in and under, and that may be produced from, and all rights appurtenant thereto, the following tract of land [(description omitted)]is hereby quieted in COATES ENERGY TRUST . . . and is hereby quieted in REPUBLIC ROYALTY COMPANY . . . and that the Plaintiffs' claims to the title to the oil, gas and other minerals in and under and that may be produced from the above described tract of land are hereby DENIED.

In subsequent paragraphs, the Court went on to deny all of plaintiffs' claims for declaratory judgment in their entirety.

3

The Garzas now appeal the Bankruptcy Court's award of attorneys fees asserting that their claims were in the nature of a trespass to try title action, and, as such, attorneys fees were not available under Texas law. The Garzas further assert that the claims for attorneys fees were improperly severed from the title issues.

## II. Analysis.

This Court reviews a Bankruptcy Court under the same standard as did the district court. In re Mercer, 246 F.3d 391, 402 (5th Cir. 2001). A district court reviews the Bankruptcy Court's findings of fact for clear error, and its conclusions of law *de novo*. Id.

### A. Award of Attorneys Fees.

Sitting as an Erie Court, we must apply Texas law to determine whether attorneys fees are available in this case. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Fees are not available in suits in the nature of a trespass to try title action. Amerman v. Martin, 83 S.W.3d 858, 864 (Tex. App. 2002).[2] An action in trespass to try title is a suit to recover the possession of land unlawfully withheld from an owner who has a right of immediate possession. Standard Oil Co. v. Marshall, 265 F.2d 46, 50 (5th Cir. 1959). An action to quiet title or to remove a cloud from title is in the nature of a trespass to try title action, and, as such, cannot be the basis for an award of fees. Southwest Guaranty Trust Co. v. Hardy Road 13.4 Joint Venture, 981 S.W.2d 951, 957 (Tex. App. 1998).

However, a court may also resolve real property disputes via the TDJA. The TDJA provides

---

[2]The one exception to this general rule that allows fees in trespass to try title cases, those cases based upon adverse possession under Tex. Civ. Prac. & Rem. Code § 16.034, is not applicable here as Coates and Coastal only base their claims for fees on the Garzas' claims under the TDJA.

that any person interested under a deed may bring a declaratory judgment action to "determine any question of construction or validity arising under the instrument . . . and obtain a declaration of rights, status or other legal relations thereunder." Tex. Civ. Prac. & Rem. Code §37.004(c); see also F. Lange & A. Leopold, 5 Texas Practice, Land Titles and Title Examination §1095 (West 2d ed. 1992). Moreover, in any proceeding under the TDJA, a trial court may award costs and reasonable attorneys fees. Tex. Civ. Prac. & Rem. Code §37.009. However, it is an abuse of discretion for a trial court to award attorneys fees when the TDJA is relied upon solely as a vehicle for recovery of fees. Amerman, 83 S.W.3d at 863. As the Garzas brought the declaratory judgment action, it is clear that Coates and Coastal did not bring such an action for the sole purpose of recovering fees.[3] In awarding fees, the Bankruptcy Court noted that Garza, supra, involved claims for trespass to try title as well as declaratory relief. The Court then correctly noted that fees were not available in a trespass to try title case. However, the Court awarded fees based on its belief that the two claims, although they overlapped, were still separate.

Despite being the party who brought the claim under the TDJA, the Garzas assert that the Bankruptcy Court erred in awarding attorneys fees because the case *sub judice* is in the nature of a trespass to try title action. Essentially, according to the Garzas, there is no authority for a court to award fees in a trespass to try title action, or an action of that nature, even if one or more parties also seek a declaratory judgment. The Garzas assert that the declaration of the rights of the parties is redundant and unnecessary because once the court disposed of plaintiffs' trespass to try title claim, title had already been quieted, i.e., no construction or validity issues remained to be decided under

___

[3]Regardless of which party sought the declaratory judgment, this Court must still look to the propriety of that claim to determine whether fees are appropriate. See Kennesaw Life & Acc. Ins. Co. v. Goss, 694 S.W.2d 115, 118 (Tex. App. 1985).

the TDJA.

The Garzas cite and discuss numerous cases in support of their proposition that attorneys fees are not available, despite a claim under the TDJA, if the suit is in the nature of a trespass to try title action, e.g., McRae Exploration & Prod., Inc. v. Reserve Petroleum Co., 962 S.W.2d 676 (Tex. App. 1998), Barfield v. Holland, 844 S.W.2d 759 (Tex. App. 1993), and Kennesaw, supra.[4]  In reliance upon these cases, the Garzas assert that because the trial court quieted title to the disputed tract before denying the Garzas' demands for declaratory relief, the case is in the nature of a trespass to try title action.  Most of the cases cited and relied upon by the Garzas, however, do not involve the construction or validity of deeds.  Both the McRae and Barfield courts specifically noted that the disputes at issue did not involve the construction or validity of deeds and, thus, declaratory judgment actions were not proper.  McRae, 962 S.W.2d at 685; Barfield, 844 S.W.2d at 771.  Moreover, the Kennesaw case involved removing a cloud from title, a claim not involved in this case.  Accordingly, the issue for this Court becomes whether the construction or validity of the deeds at issue is involved in this case.

The Garzas assert that this case is merely a boundary dispute and, as such, requires no deed construction.  In fact, the Garza Court noted that this case was merely a boundary dispute.  Garza, 988 S.W.2d at 282.  The Garza Court did not actually construe or determine the validity of any deeds.  Rather, the Court merely discussed each party's chain of title and held that both chains

---

[4]The Garzas cite numerous other cases for the same proposition.  See Kennedy Memorial Foundation v. Dewhurst, 90 S.W.3d 268, 289 (Tex. 2002); Amerman, supra; Natural Gas Pipeline Co. v. Pool, 30 S.W.3d 618, 636 (Tex. App. 2000); State v. Brainard, 968 S.W.2d 403, 414 (Tex. App. 1998); Hardy Road 13.4 Joint Venture, supra; Ely v. Briley, 959 S.W.2d 723, 727 (Tex. App. 1998); Bell v. State Dept. of Highways & Pub. Transp., 945 S.W.2d 292, 294 (Tex. App. 1997); and Yoast v. Yoast, 649 S.W.2d 289, 292 (Tex. 1983).

indicated that the disputed tract was shown in both deeds to belong to Coates and Coastal.  See generally Garza, supra.  Finally, the Garzas note that the Court expressly held that the deeds were not ambiguous and did not mention a declaratory judgment.

To determine the true nature of the action before us, this Court must look beyond the statements of the courts and the parties and look to the nature of the litigation as a whole.  Kennesaw, 694 S.W.2d at  118.  Moreover, declaratory judgment actions may proceed in spite of title issues being involved in the case.  Supak v. Zboril, 56 S.W.3d 785, 792 (Tex. App. 2001); Steel v. Walker, 993 S.W.2d 376, 381 (Tex. App. 1999); Duncan Land and Exploration, Inc. v. Littlepage, 984 S.W.2d 318, 333-34 (Tex. App. 1998); F. Lange & A. Leopold, supra.

Prior to bringing an action for trespass to try title, a plaintiff must satisfy all conditions precedent for such an action.  Tex. Jur. *Quieting Title, Etc.,* §42.

> Where a deed or judgment places superior title to the land in one other than the plaintiff due to a mistaken description, the plaintiff must effect a reformation of the deed or judgment, as the plaintiff has no right to maintain the trespass to try title action before reformation has been effected.

Id. at §42.  As aptly stated by the Texas Appellate Court in Carminati v. Fenoglio, 267 S.W.2d 449, 453 (Tex. Civ. App. 1954):

> Although [the plaintiffs] pleaded causes of action other than for the reformation of the deed, such as to remove cloud from title, to quiet title, and for a decree declaring that they are the owners of the minerals by virtue of the deed, such asserted causes of action involved title, and **depended upon the reformation of the deed** reserving the minerals.  Such consequential relief could not be had until they prevailed in their effort to reform the deed by cancelling or modifying the reservation.

Id. (emphasis added); see also Hamilton v. Green, 166 S.W. 97, 98 (Tex. Civ. App. 1914) ("[U]ntil it was ascertained upon the very facts urged by the appellant . . . that there was a mistake in the deed and a correction or reformation of the same had, suit in trespass to try title could not be

7

maintained."). This Court finds that construction and validity determinations with regard to the deeds at issue were necessary because the Garzas could not assert a trespass to try title action until the disputed deeds had been reformed to give the Garzas a right in the disputed tract.

In the case *sub judice*, declaratory relief was a necessary prerequisite to the Garzas' claims. The Garza Court specifically recognized that the Garzas' claims were for "reformation of a 1920 deed and declaratory judgment that they own the mineral rights" to the disputed tract. Garza, 988 S.W.2d at 281-82. The deeds vested Coates and Coastal with title, and the Garzas' alleged right to title was based upon a purported mistake in those deeds. Thus, before the Garzas could maintain a trespass to try title action, they would be required, as a condition precedent, to reform the deeds. Validity and construction of the deeds were involved in this case. Accordingly, the Bankruptcy Court's award of attorneys fees under the TDJA were not in error and are **AFFIRMED**.

B.      Severance of Attorneys Fees Claims.

Rule 41 of the Texas Rules of Civil Procedure provides that "[a]ny claim against a party may be severed and proceeded with separately." This rule grants the trial court broad discretion in the matter of severance and consolidation of causes. Guaranty Federal Savings Bank v. Horseshoe Operating Company, 793 S.W.2d 652, 658 (Tex. 1990); see also McGuire v. Commercial Union Ins. Co., 431 S.W.2d 347 (Tex. 1968). The trial court's decision to grant a severance will not be reversed unless it has abused its discretion. Guaranty Federal, 793 S.W.2d at 658; see also Saxer v. Nash Phillips-Copus Co. Real Estate, 678 S.W.2d 736 (Tex. App. 1984).

A claim is properly severable if: (1) the controversy involves more than one cause of action; (2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted; and (3) the severed claim is not so interwoven with the remaining action that they involve the same

8

facts and issues. <u>Guaranty Federal</u>, 793 S.W.2d at 658. The controlling reasons for a severance are to do justice, avoid prejudice and further convenience. <u>Id.</u> However, "severance of a single cause of action into two parts is never proper and should not be granted for the purpose of enabling litigants to obtain an early appellate ruling on the trial court's determination of one phase of the case." <u>Dalisa, Inc. v. Bradford</u>, 81 S.W.3d 876, 880 (Tex. App. 2002) (citations and internal quotations omitted).

In <u>Garza</u>, the Texas trial court severed the claims disposed of on partial summary judgment from the remaining claims for the express purpose of creating a "FINAL and APPEALABLE" Judgment. The trial court further ordered that "[a]ll those issues and claims between the Plaintiffs and the Coates and Republic Defendants; Coastal Oil and Gas Corporation . . . not resolved by this Final Partial Summary Judgment are hereby SEVERED into a separate case . . . which shall remain ABATED until . . . [the <u>Garza v. Maddux</u> case] is final after all appeals are exhausted." The Garzas correctly assert that the facts regarding the claims for attorneys fees were so "interwoven" with the title issues that, under <u>Guaranty Federal</u>, <u>supra</u>, they are not a separate cause of action and not severable. <u>See</u> <u>Dalisa</u>, 81 S.W.3d at 881 (Texas Court of Appeals held that an attorneys fees claim under the TDJA was not a separate claim and, as such, could not be severed).

However, Coates and Coastal assert that the Garzas have waived their right to appeal any improper severance as they have failed to provide any evidence that the Garzas objected to this severance before the state trial or appellate courts. We find that there is no objection to the severance contained in the record we have before us. We therefore hold that any error in severing the claims for attorneys fees has been waived. <u>See</u> <u>Union City Body Company, Inc. v. Ramirez</u>, 911 S.W.2d 196, 201-203 (Tex. App. 1995).

9

### III.   Conclusion.

As discussed above, reformation of the deed at issue was a necessary prerequisite before the Garzas could maintain a trespass to try title action.  If the Garzas had prevailed in the state court proceedings -, i.e., prevailed on their reformation and declaratory judgment claims – there is little question that they would have been entitled to attorneys fees.  As such, it would be an incongruous result if appellees were denied fees in this case.  Accordingly, the court's award of fees to Coates and Coastal was not in error.

Further, although, under Texas law, the trial court's severance of the attorneys fees claims may have been improper, the Garzas have failed to preserve that issue for appeal.  There is no record before us showing whether an objection to the severance was raised before either the Texas trial court or appellate court.  Thus, any objection regarding improper severance is waived.

For the reasons stated, the judgment of the district court is in all respects **AFFIRMED**.