**CITY OF DALLAS, Appellant**

v.

**John BARGMAN, As Trustee of the Ann T. Bovis Property Trust, Appellee.**

No. 05–04–00316–CV.

Court of Appeals of Texas, Dallas.

Nov. 28, 2006.

Christopher D. Bowers, Assistant City Attorney, Dallas, for appellant.

John Young Brown Hood, Kingwood, Kent F. Brooks, Law Office of Kent F. Brooks, Dallas, for appellee.

Before Justices FITZGERALD, LANG, and LANG–MIERS.

### OPINION ON REHEARING

Opinion by Justice FITZGERALD.

This Court's opinion of October 5, 2004 is withdrawn; the following is now the opinion of this Court.

City of Dallas brings this interlocutory appeal of the trial court's denial of the City's plea to the jurisdiction. The City asserts that it is immune from the lawsuit brought by John Bargman as trustee of the Ann T. Bovis Property Trust (the Trust) and that the Trust lacks standing to bring the claim against the City. We conclude the Trust has standing and that the City made a limited waiver of its immunity from suit by filing counterclaims against the Trust. Accordingly, we conclude the trial court did not err by denying the City's plea to the jurisdiction, and we affirm the trial court's order.

## BACKGROUND

In 1959, Ann Bovis granted the City an easement for street purposes on a portion of a parcel of her real estate. In 1969, Bovis signed a 99–year lease with The Lincoln Company (Lincoln) giving Lincoln use of some or all of the parcel. Whether the lease included, and was intended to include, the property subject to the City's easement is a disputed issue in the litigation. The lease contained a purchase option. Bovis died in 1993, and in 1998, her interest in the property subject to the lease was transferred to the Ann T. Bovis Property Trust (the Trust). In 1999, Lincoln exercised the purchase option and purchased the property subject to the lease. That same day, Bovis's estate purported to transfer to the Trust the property subject to the City's easement. In 2001, the Trust sued Lincoln and the City asserting that the City had abandoned the street easement and that the City and Lincoln were trespassing on the Trust's property by installing sewers, water lines, and other utilities. The City filed counter-claims against the Trust, including a suit to quiet title and a claim of breach of the warranty in the deed granting the City the easement. Part of the City's prayer for relief included "judgment awarding the City its actual damages arising from Plaintiff's casting a cloud on the City's title to and use and enjoyment of the Easement and/or breaching its warranty to defend the City's title to the easement. . . ."

The City filed a plea to the jurisdiction asserting two grounds. First, the City asserted that the Trust lacked standing to bring the suit because the land subject to the easement was included in the lease, and the Trust had sold that property to Lincoln in 1999. Second, the City asserted that governmental immunity barred the Trust's claims. The parties moved for summary judgment on the issue of whether the Trust's lease and deed to Lincoln conveyed the property subject to the easement. In June 2002, the trial court granted Lincoln's motion for partial summary judgment, which had asserted that the lease and deed conveyed the property subject to the City's easement. The Trust then amended its pleading to include a claim to reform the deed to Lincoln to exclude the property subject to the easement, alleging that any inclusion of the property subject to the easement was the result of mutual mistake. The trial court granted the City's plea to the jurisdiction on the Trust's cause of action for trespass, but the court denied the plea on the Trust's cause of action for abandonment of the easement. The City then filed this interlocutory appeal.[1] TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon Supp.2006).

## STANDARD OF REVIEW

 A plea to the jurisdiction is a dilatory plea by which a party challenges a

---

**1.** The Trust did not appeal the sustaining of the plea to the jurisdiction on the trespass cause of action against the City. Accordingly, the propriety of that decision is not before us.

court's authority to determine the subject matter of the action. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000); *Osburn v. Denton County*, 124 S.W.3d 289, 292 (Tex.App.-Fort Worth 2003, pet. denied). The existence of subject matter jurisdiction is a question of law; thus, we review de novo the trial judge's ruling on a plea to the jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex.2004); *Tex. Natural Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 855 (Tex.2002).

## STANDING

■ In its first issue, the City asserts the trial court erred in denying its plea to the jurisdiction because the Trust lacked standing to bring its suit for abandonment of the easement as the Trust no longer owned the property subject to the easement. However, because the Trust has alleged an equitable interest in the property, we conclude it has standing to assert its claim against the City.

■ To establish standing, a plaintiff must show "a distinct injury to the plaintiff and 'a real controversy between the parties, which ... will be actually determined by the judicial declaration sought.'" *Brown v. Todd*, 53 S.W.3d 297, 305 (Tex. 2001) (quoting *Texas Workers' Compensation Comm'n v. Garcia*, 893 S.W.2d 504, 517–18 (Tex.1995)). Standing is a prerequisite of subject-matter jurisdiction, and its absence may be raised in a plea to the jurisdiction. *Blue*, 34 S.W.3d at 553–54.

The City argues the Trust's lack of standing as follows: (1) the trial court determined that the deed from the Trust to Lincoln by its terms conveyed the property subject to the City's easement; (2) when the City allegedly abandoned the easement, title to the property subject to the easement resided in Lincoln and not the Trust; and (3) thus, because the Trust did not own the property when the City allegedly abandoned the easement, there can be no controversy between the Trust and the City. In response, the Trust argues that it amended its petition to seek a reformation of the deed to exclude the property subject to the easement because of mutual mistake by the Trust and Lincoln in drafting the deed.

The Trust's suit against Lincoln for reformation of the deed to exclude the property subject to the easement is an assertion of an equitable interest in that property. *See Gibralter Sav. Ass'n v. Martin*, 784 S.W.2d 555, 558 (Tex.App.-Amarillo 1990, writ denied); *N.E. Indep. Sch. Dist. v. Aldridge*, 528 S.W.2d 341, 343 (Tex.Civ.App.-Amarillo 1975, writ ref'd n.r.e.); *Hamilton v. Green*, 166 S.W. 97, 98 (Tex.Civ.App.-Dallas 1914, no writ). That assertion of an equitable interest is sufficient to give it standing to allege its claim that the City abandoned the easement. The City, however, relying on this Court's decision in *Hamilton v. Green*, asserts that the Trust cannot bring the suit for abandonment of the easement until the Trust resolves the title issue against Lincoln. Thus, the City argues, the Trust's abandonment claim is unripe and should be dismissed.

*Hamilton* is the City's sole authority for its argument that the Trust cannot bring its suit to reform the deed and for abandonment of the easement in the same proceeding. *Hamilton*, however, makes clear that the suit to reform the deed and a cause of action based on the reformed deed may be brought in the same proceeding when the suit to reform the deed is not barred:

We do not mean to say that a suit to cancel or correct deed and one in trespass to try title may not be determined in one proceeding. We think it can. Before the land may be recovered in such proceeding, however, the correction or reformation of the deed is an essential preliminary step, and if, in the progress of the suit, the four-year bar is pleaded, and the facts raise the issue which is resolved by the jury for the one in possession, the fact that such dual relief is sought is immaterial; since a favorable finding upon the questions of limitation destroys the right to sue in or proceed with the suit in trespass to try title.

*Hamilton,* 166 S.W. at 98. The record before us does not show that Lincoln has asserted and proved limitations or that any other defense bars the Trust's suit for reformation of the deed. In this situation, as *Hamilton* makes clear, the Trust's suits for reformation of the deed and abandonment of the easement may be brought in a single proceeding. *See also Walters v. Pete,* 546 S.W.2d 871, 875 (Tex.Civ.App.-Texarkana 1977, writ ref'd n.r.e.) ("It is, however, within the power of the court to reform an instrument relied upon in trespass to try title when the deed contains a mutual mistake of fact, provided the parties are before the court and limitation has not barred the action." (citation omitted)).

We conclude the trial court did not err in denying the City's plea to the jurisdiction on the ground that the Trust lacked standing. We resolve the City's first issue against it.

### SOVEREIGN IMMUNITY

██ In its second issue, the City asserts the Trust's suit for abandonment of the easement was barred by sovereign immunity because the legislature had not consented to the Trust's suit. Sovereign immunity protects the State of Texas, as well as municipalities, from lawsuits for damages arising out of the exercise of governmental powers for a public purpose. *See Fed. Sign v. Tex. S. Univ.* 951 S.W.2d 401, 405 (Tex.1997), *superseded by statute on other grounds as stated in Gen. Servs. Comm'n v. Little–Tex Insulation Co.,* 39 S.W.3d 591, 593 (Tex.2001); *City of San Benito v. Ebarb,* 88 S.W.3d 711, 720 (Tex. App.-Corpus Christi 2002, pet. denied). "A lack of immunity may hamper government functions by requiring tax resources to be used for defending lawsuits and paying judgments rather than using those resources for their intended purposes." *Reata Constr. Corp. v. City of Dallas,* 197 S.W.3d 371, 375 (Tex.2006) (citing *IT–Davy,* 74 S.W.3d at 854). The party suing the governmental entity has the burden of establishing the State's consent, which may be alleged by reference either to a statute or to express legislative permission. *Tex. Dep't of Transp. v. Jones,* 8 S.W.3d 636, 638 (Tex.1999).

██ When the government enters into the litigation process by asserting its own affirmative claims for monetary relief, it waives sovereign immunity to the extent of allowing opposing parties to assert as an offset any claims germane to, connected with, and properly defensive to those asserted by the governmental entity. *Reata Constr. Corp.,* 197 S.W.3d at 377. "Absent the Legislature's waiver of the City's immunity from suit, however, the trial court did not acquire jurisdiction over a claim for damages against the City in excess of damages sufficient to offset the City's recovery, if any." *Id.*

In this case, the Trust's claim that the City had abandoned the easement is germane to, connected with, and properly de-

fensive of the City's counterclaims for actual damages from the Trust's "casting a cloud on the City's title to and use and enjoyment of the [e]asement" and breaching the warranty to defend the City's title to the easement.

■ The City urges us not to apply *Reata* to this case. First, the City argues *Reata* is inapplicable because, in *Reata*, the City had intervened into an existing lawsuit while in this case it filed a counterclaim, which was also a compulsory counterclaim. The supreme court held that a governmental entity's counterclaim, whether compulsory or not, seeking damages constitutes a waiver of "immunity from suit for claims germane to, connected with, and properly defensive to its counterclaim to the extent" the opposing party's claims act as an offset to the City's recovery. *City of Irving v. Inform Constr., Inc.,* 201 S.W.3d 693, 694 (Tex.2006) (per curiam).

■ The City also asserts this Court may not apply *Reata* when the argument that immunity was affirmatively waived by the counterclaim was not made before the trial court. However, this Court rejected that assertion in *City of Irving v. Inform Construction,* 143 S.W.3d 371, 373–74 (Tex.App.-Dallas 2004), *rev'd on other grounds,* 201 S.W.3d 693 (Tex.2006) (per curiam). In the trial court, appellee was not the movant on the plea to the jurisdiction, nor is he the complaining party on appeal. As such, he had no duty to preserve arguments for appeal. *Boyce Iron Works, Inc. v. Sw. Bell Tel. Co.,* 747 S.W.2d 785, 787 (Tex.1988) (noting that a party who "received a favorable judgment and had no reason to complain in the trial court" need not raise potential alternative bases to support the ruling).

The City also relies on the pre-*Reata* opinion in *State v. Lain,* 162 Tex. 549, 349 S.W.2d 579 (1961). In that case, the supreme court stated, "When in this state the sovereign is made a party defendant to a suit for land, without legislative consent, its plea to the jurisdiction of the court based on sovereign immunity should be sustained in limine." *Id.* at 552, 349 S.W.2d at 582. The City, however, does not explain, and we do not perceive, why *Reata* should not be applicable to claims for damages by the City in suits to quiet title and for breach of warranty to defend title.

The City also argues that it did not waive immunity through its counterclaims because the counterclaims did not seek affirmative relief independent of the Trust's claims. The City cites cases involving the "offensive use" test for waiver of attorney-client privilege and cases involving whether a counterclaim asserts independent affirmative relief surviving a plaintiff's nonsuit. *See Republic Ins. Co. v. Davis,* 856 S.W.2d 158, 161 (Tex.1993); *Gen. Land Office v. OXY U.S.A., Inc.,* 789 S.W.2d 569, 570 (Tex.1990). In *Reata,* however, the supreme court did not require that the claim constitute independent affirmative relief under the offensive-use doctrine. Instead, the court stated that a governmental entity, such as the City, that files a suit for damages waives immunity from suit to the extent of offsetting damages recovered by the City for any claim that is germane to, connected with, and properly defensive to the claims asserted by the governmental entity. *Reata,* 197 S.W.3d at 377. The Trust's claim for abandonment of the easement is germane to, connected with, and properly defensive to the City's claim for actual damages in its causes of action for quiet title and breach of warranty. Accordingly, under *Reata,* the City has waived its immunity from suit for the Trust's remaining claim

to the extent necessary to offset the City's recovery, if any. *See id.*

We conclude the trial court did not err in determining that sovereign immunity did not bar the Trust's suit for abandonment of the easement. We resolve the City's second issue against it.

### CONCLUSION

We affirm the trial court's order denying the City's plea to the jurisdiction on the Trust's cause of action for abandonment of the easement.